## DUTCH, GUARDIAN, v. MARVIN, INTERVENOR.

1. **Insane Person:** GUARDIANSHIP: INSOLVENT ESTATE: ALLOWANCE FOR SUPPORT OF FAMILY. Where the estate of an insane person under guardianship is inadequate for the payment of his debts, the statute does not authorize an allowance for the support of his family to be made out of that portion of his estate which would be subject to execution for the satisfaction of his debts. ( See opinion for statutes cited and construed.)

*Appeal from Johnson District Court*—HON. S H. FAIRALL, *Judge.*

TUESDAY, OCTOBER 18.

PLAINTIFF is the guardian of her husband, who is insane. She filed an application in the district court for an allowance out of the estate of her ward for the support of herself and her minor children. Intervenor, who is a creditor of the estate, appeared, and resisted the application. The district court denied the claim, and from that order plaintiff appeals.

*Remley & Remley*, for appellant.

*Ranck & Wade*, for appellee.

REED, J.—The case was decided below on a demurrer to the petition. It is alleged in the petition that the estate is

insolvent; also that plaintiff has no means, except those belonging to the estate, for her support and that of her children. The prayer is for an allowance per month out of the funds in her hands, and, if necessary, out of such funds as may be adjudged exempt from execution. We cannot regard the case, however, as involving any question as to the property in the hands of the guardian which is exempt from execution. Intervenor has no claim upon the property of that class. It cannot be appropriated to the satisfaction of his debt, and he cannot question plaintiff's right to appropriate it to whatever use she may choose. It may be conceded that under the provisions of sections 2278, 2371, Code, plaintiff is entitled to have that property set apart to her "as her property in her own right ;" but with that view she does not require an order of the court to enable her to appropriate it to the support of herself and family.

The real question in the case, however, is whether, where the estate of an insane person is inadequate for the payment of his debts, an allowance can be made for the support of his family out of that portion of his estate which otherwise would be subject to be appropriated to the satisfaction of his debts. There is no provision of the statute which expressly authorizes such appropriation.

It is provided by Code, § 2276, that wherever the real estate of a ward of this class is necessary for his support, or the support of his family, or the payment of his debts, or it will be for the interest of his estate or his children, the guardian may sell the same; and, by section 2278, that if the estate is insolvent, or will probably be insolvent, the same shall be settled by the guardian in like manner, and like proceedings may be had, as is or may be required by law for the settlement of the estate of a deceased person. It is also provided by section 2375 that "the court shall, if necessary, set off to the widow and children under fifteen years of age, of the decedent, sufficient of his property, of such kind as it shall deem appropriate, to support them for twelve months from

the time of his death." That section occurs in the chapter governing the settlement of estates of deceased persons, and it doubtless confers upon the widow and children, if they do not have other means of support, the right to an allowance for their support out of the estate, even though it be insolvent. And it has been argued that, as the right of the family of an insane ward to support out of his estate is clearly recognized by section 2276, and as, by section 2278, his estate, if insolvent, is to be settled in like manner as the insolvent estate of a deceased person, it follows necessarily that they have the same right to an allowance for support out of his estate. But section 2276, in so far as it provides for the support of the family of an insane ward out of his estate, merely recognizes an existing right. The wife and minor children of every man, whether he be sane or insane, if they have no other means of support, have a natural and legal claim upon him for support; and the section recognizing that claim provides a means for its enforcement in case of his insanity. The right, however, except as it is enlarged by statute, is subordinate to the rights of the creditors. If the husband and father is sane, the right of the family is to a support out of that portion of his property which, under the statute, cannot be appropriated for the satisfaction of his debts; and the section does not have the effect to enlarge the right in this respect in case of his insanity.

The right created by section 2375, by the express terms of the section, is for the benefit of the widow and children of the decedent. The section creates a right in their favor after the death of the husband and father; the right being to a support for a limited period out of the estate. In the absence of such provision, their right to a support would terminate at his death; and the property, unincumbered by any claim by them for support, would take the course of descent prescribed by the law. The section is a special provision, applicable, by its terms, to particular cases; and the benefits created by it cannot be extended to other classes than those

enumerated in it, except by special enactment or necessary implication. And we think that section 2278 does not have the effect to confer the same right upon the wife and children of an insane ward. That section is remedial in its character; that is, it points out the mode or manner in which the estate of the ward, when insolvent, shall be settled. But neither by its express provisions, nor by any necessary implication, does it create or confer any rights upon the family of the ward. The courts cannot, by mere inference from the general policy of the statutes of the state, create rights in their favor; but the legislature must be presumed to have enumerated all that was intended to be created or conferred. If cases of special hardship are liable to arise under the statutes as they now exist, the remedy must be provided by the legislature; the courts cannot create such remedy.

In our opinion, the order of the district court should be

AFFIRMED.