Dowe, Executor, Respondent, vs. SPECIALTY BRASS COMPANY and another, Appellants.

*September 11—October 8, 1935.*

For the appellants there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Kenneth P. Grubb* of counsel, all of Milwaukee, and oral argument by *Mr. Grubb.*

For the respondent there was a brief by *Harold M. Bode* and *W. W. Davis,* both of Kenosha, and oral argument by *Mr. Bode.*

Rosenberry, C. J. A determination of the questions presented here requires consideration of certain provisions of the Workmen's Compensation Act, ch. 102, Stats. Sec. 102.03 provides the conditions under which liability shall exist against the employer, and sub. (2) provides:

"(2) Where such conditions exist the right to the recovery of compensation pursuant to the provisions of this chapter shall be the exclusive remedy against the employer."

Sec. 102.14 provides: *"Jurisdiction of commission.* This chapter shall be administered by the commission."

Sec. 102.16 (1) provides: *"Submission of disputes, contributions by employees.* (1) Any controversy concerning compensation, including any in which the state may be a party, shall be submitted to said commission in the manner and with the effect provided in this chapter. Every compromise of any claim for compensation may be reviewed and set aside, modified or confirmed by the commission within one year from the date such compromise is filed with the commission, or from the date an award has been entered, based thereon."

Sec. 102.20 provides for circuit court judgment on the award.

Sec. 102.47 provides: *"Death benefit, continued.* If death occurs to an injured employee other than as a proximate result of the injury, before disability indemnity ceases, death benefit shall be as follows:

"(1) Where the injury proximately causes permanent total disability, it shall be the same as if the injury had caused death.

"(2) Where the injury proximately causes permanent partial disability, the unaccrued compensation shall first be applied toward funeral expenses, not to exceed two hundred dollars, any remaining sum to be paid to dependents, as provided in this section and section 102.48 and there shall be no liability for any other payments. All computations under this subsection shall take into consideration the present value of future payments."

Sec. 102.48 provides for the determination of partial dependency and death benefits.

Sec. 102.49 provides for payments into the state fund.

Sec. 102.51 defines who are dependents.

It would seem that a mere reading of the statutes makes it plain that the demurrer in this case should have been sustained. The theory of the plaintiff is that because a stipulation was entered into upon which the industrial commission subsequently made an award, the right of Dowe was contractual in its nature, and that his executor succeeded to his rights upon his death so making the unpaid instalments a part of the estate of the deceased employee. The provisions already cited provide in detail what is to happen in the event of the death of the employee so far as unaccrued instalments and death benefits are concerned. The stipulation was made pursuant to the provisions of ch. 102 and the amount to be paid by way of compensation remains subject to ch. 102. Furthermore, the industrial commission is expressly authorized under such circumstances to determine what persons are dependents so that the whole matter remains subject to the provisions of ch. 102. The claim that there is a contractual basis upon which judgment may be awarded for the unpaid instalments is without force. The contract or stipulation was ineffectual unless and until approved by the industrial commission, and then it merely formed the basis of the award, the proceeds of which must be disposed of in accordance with the terms of the statute. The circuit court has no primary jurisdiction to determine who are dependents, that jurisdiction being conferred upon the industrial commission. The executor of the estate of John Dowe has no claim upon the instalments remaining unpaid at the time of the death of the injured employee.

*By the Court.*—The order overruling the demurrer is reversed, and cause remanded with directions to enter an order sustaining the demurrer and for further proceedings according to law.