Standard Oil Company (Indiana), Respondent, vs. Industrial Commission and others, Appellants.

*February 16—May 7, 1940.*

For the appellant Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the appellants Emil Krueger and Lumbermens Mutual Casualty Company there was a brief by *M. T. Lee* and *John L. Schlatterer,* both of Milwaukee, and oral argument by *Mr. Schlatterer.*

For the respondent there was a brief by *Thomas, Orr & Isaacson,* and oral argument by *San W. Orr* and *Joseph G. Werner,* all of Madison.

FAIRCHILD, J. The facts in this case are not in dispute and need only to be stated in the briefest outline. Defendant Krueger, although himself an employer under the Workmen's Compensation Act, was an employee of the Standard Oil Company (hereinafter called "Standard"), a self-insurer, operating a bulk station in the distribution of its petroleum products. Defendant Tabbert was hired by Krueger with the actual knowledge of Standard. Krueger carried a work-

men's compensation policy with the defendant Lumbermens Mutual Casualty Company. Tabbert was injured on April 1, 1938, while performing services concededly within the course of his employment as an employee or helper of Krueger. Lumbermens Mutual Casualty Company paid Tabbert $249.48 compensation benefits without prejudice or waiver of its rights, and then filed an application with the Industrial Commission seeking the determination of the question as to its liability to Tabbert for compensation. The commission found that Tabbert was a helper and assistant of Standard's employee Krueger with the actual knowledge of that company, concluded that Tabbert was an employee of Standard, and ordered that company to pay compensation. The trial court set aside the commission's findings and orders, and remanded the record to the commission with directions to determine whether Krueger was the real, as distinguished from statutory, employer, and in the event of a finding that Krueger is the real employer, to formulate an award against Krueger as the party primarily liable and Standard as the party secondarily liable.

This controversy depends to some extent upon the construction to be given sec. 102.07 (4), Stats. 1937. "Employee" as used in this subsection means:

"Every person in the service of another under any contract of hire, express or implied, all helpers and assistants of employees, whether paid by the employer or employee, if employed with the knowledge, actual or constructive, of the employer, . . . but not including . . . any person whose employment is not in the course of a trade, business, profession or occupation of his employer, unless such employer has elected to include them."

But the above-quoted subsection must be read together with secs. 102.04 (2) and 102.05 (3), Stats. Sec. 102.04 (2) says an employer is one "who usually employs three or more employees." Sec. 102.05 (3) provides that any employer whether in an excepted business or employing less than three

employees, who enters into a contract for the insurance of compensation, or against liability therefor, "shall be deemed thereby to have elected to accept the provisions of this chapter." When applied to the case at bar, this means that Krueger, by reason of the number of his employees and his act of taking out a policy to cover the compensation risk incident to work done by those whom he had employed, exercised an election to come within the provisions of the Workmen's Compensation Act, and that when an accident happened from which workmen's compensation liability followed, his insurer is liable to stand that expense.

The interpretation as to liability to pay compensation suggested by the decision of the commission that liability rests solely on the over or statutory employer, does not exactly accord with the result which must follow from an application of the rules of statutory construction when applied to the apparent intent of the statute. Fixing of the liability upon the "statutory employer" ignores the exact relation of the injured man to his actual employer who carries compensation insurance. That is also the case of a suggested interpretation which would bring about a joint and several liability on the part of Krueger and Standard. The legislature did not intend to create confusion, and it is considered that the purpose to keep the actual employer responsible must be read from the act itself.

In construing a statute the proper course is to start by gathering the intent from the language of the statute when that appears from the evil to be cured or the change to be accomplished, and then to follow that intent and "adopt that sense which harmonizes best with the context and promotes in the fullest manner the apparent policy and objects of the legislature." *Manhattan Co. v. Kaldenberg,* 165 N. Y. 1, 7, 58 N. E. 790. A general rule is that "the construction is to be on the entire statute; and where one part is susceptible indifferently of two constructions, and the language

of another part is clear and definite, and is consistent with one of the two constructions of which the former part of the statute is susceptible, and is opposed to the other construction, then we are to adopt that construction which will render all clauses of the statute harmonious, rather than that other construction which will make one part contradictory to another." 2 Lewis' Sutherland, Statutory Construction (2d ed.), p. 700, § 366. In construing the portion of the Workmen's Compensation Act under consideration, the trial court very evidently had in mind that one in Krueger's situation was an employer before the amendment was passed, and that neither the amendment itself nor the act as amended carries any indication of any intention to change the qualifications of an employer as prescribed in secs. 102.04 (2) and 102.05 (3), Stats., and that there does not appear in the language used any indication of a purpose to eliminate an existing employer from the line of responsibility.

In its memorandum decision the trial court said:

"The question to be determined, in cases of assistants or helpers, as we see it, is: Did the employee employ the helper or assistant as the employee of the principal (*i. e.*, original employer) or as his own employee? The answer does not affect the principal's liability (except as it may make it secondary). The principal's liability exists by the terms of the statute. But the answer does affect the liability of the principal's employee who hired the helpers or assistants.

"If the employee of the original employer merely hired assistants or helpers as a foreman employs men for his master, the intermediary employee then drops out as an employer. He is simply the alter ego of the original employer. He has no entity. But if the employee of the original employer hires assistants or employees as his own workmen, they become his employees under their contract of hire with him and he becomes their employer in fact, even though by statute the original employer is also made their employer."

Reference to the Workmen's Compensation Act (ch. 102, Stats.) shows that an *employer* is a person usually employ-

ing three or more persons, or who has entered into a contract of insurance for compensation or against liability therefor, and that an *employee* is a person in the service of another under a contract of hire, including helpers. Under these tests Krueger, as held below, is Tabbert's employer and hence liable for the compensation.

Although the commission did not so find, it appears to be conceded that Krueger qualified as an employer by virtue of his relation to his employees regardless of his relation to Standard. He had more than three men in his employ and he had entered into a contract for the insurance of compensation. 1 Mechem, Agency (2d ed), p. 224, § 306; Restatement, Agency, pp. 1078, 1079, §§ 458, 459.

Krueger being an employer under the statutes, he may justly be held responsible because of the statutory provisions applicable to him, because of his contract with his men, because he is responsible for the conditions under which the men in his employment worked, and because Tabbert was hurt in carrying on the business of Krueger.

The determination of the Industrial Commission is that one of Krueger's helpers was a helper and assistant of Standard's employee, Krueger, with the actual knowledge of that company and therefore an employee of Standard. That might be true enough under certain circumstances, as where only one or two ,helpers were employed by Krueger, but where Krueger employed three or more men, in his own business he in turn was an employer. His taking out insurance constituted an election to accept the provisions of the act for the benefit of himself and his men. The statute does not use the terms "primary" and "secondary" as applied to liability, but it does set up a system under which some employer is to be responsible. And Standard is to be held liable for compensation unless the connection between it and the employee or helper is broken by the intervention of an insured or otherwise qualified compensation-paying employer. After such employer is found there is no occasion for further search and the award should go accordingly.

The difficulty with the commission's holding is that it eliminates a valid employer whose position and responsibility as such employer was not intended to be and has not been affected by the amendment under question. The risk of injury has been shifted from the helper to the employer under the Workmen's Compensation Act. The intent of the statute is the law. There was a defect in the statute as it existed prior to the 1917 amendment. At least it was so considered by the legislature. This weakness was in the possibility of an employer escaping liability altogether when there was injured in his business one whose services were engaged by an employee with the knowledge of the employer. The possibility of an employee employing a helper and leaving that helper outside the scope of the provisions for compensation was to be guarded against, and the legislature in 1917 added to the statutory definition of an employee the words: "All helpers and assistants of employees, whether paid by the employer or employee, if employed with the knowledge, actual or constructive, of the employer."

From this it seems clear that the purpose of the amendment was to write a provision into the law which would make sure that such helpers were included in the definition of an employee, and to change the statute so as to make that provision logical, practical, and effective. This resulted in the broadening of the definition of employee so as positively to include helpers and assistants. It cannot be said that the legislature intended to reconstruct the definition of employer and the arrangement accomplished assures the helper that if injured he can look to the one who hired him, and if he there finds no compensation-paying employer responsible for payment of compensation for his injury, he may then look to the employer of that person, and so on in the line of hiring until he finds an employer satisfying the requirements of the statute, and there his claim would rest.

One employer is all that is usually allotted to an employee, and under the terms of the statute an employer either volun-

tarily contracting for insurance or contracting for it because he is required by law or contract to do so gives to the employee, assistant, or helper, the protection which the Workmen's Compensation Act was designed to furnish. If in this case the injured man's compensation-paying employer is found to be Krueger, the purposes of the act are served as fully as they could be if the employer was found to be Standard. If Krueger is not a compensation-paying employer under the act by reason of the contract between him and Standard, or for any other reason, then under the statute the injured workman would be entitled to go to Standard for his compensation. There can be no sound objection to legislation that passes liability for compensation successively from an employee of an employer to the employer described and defined as such by the Workmen's Compensation Act. In this sense and for convenience the terms "actual" employer and "statutory" employer may be used, and this again may suggest primary and secondary liability, but the intent of the legislature was to connect the employee, helper, or assistant with a system which would point out the compensation-paying employer, and would practically mean certain receipt of his compensation.

As pointed out, the amendment to sec. 102.07 (4), Stats., which included in the definition of employees "all helpers and assistants of employees" was meant merely to cover certain classes of people not theretofore included in the protection of the act. It reached out to where one or two helpers or assistants were engaged by an employee, so as to make them employees of the employer. It also reached three or more helpers who may have been engaged under circumstances such that the employee soliciting their services could not be said to be their employer. It was not the legislative intent, however, to extend the amendment to three or more persons engaged by an employee or agent for the purposes of his own business where management, control of work details, and payment of wages show the people hired to be employees

of the agent or employee, for that case was already covered by sec. 102.04 (2). In that circumstance the employee or agent is himself an employer. Sec. 102.04 (2) does not conflict with sec. 102.07 (4) under the interpretation now set forth. There is no overlapping. Each provides protection for a different situation. When taken together protection is complete.

Joint liability was not resorted to here by the legislature as was the case in sec. 102.06, Stats. The fact that here joint liability is not mentioned is a strong indication that it was not intended.

If a construction were adopted placing Krueger in the position of an independent contractor, then talk of joint liability would be pertinent, for sec. 102.06, Stats., covers that situation. But between Standard and Krueger primary and secondary liability is not involved. One or the other is responsible. The case where those terms and that reasoning applies is where the employer is liable primarily and his insurer secondarily as provided in sec. 102.62.

The addition to the statute made by the amendment does not affect the existing provisions thereof which make Krueger a compensation-paying employer. As it is conceded that the evidence shows Krueger's election to come under the act as an employer, it follows that the trial court was correct in sending the record back to the commission with instructions to determine whether or not Krueger was an employer. With this we agree, and to that extent the trial court is to be affirmed. When he is found to be the employer, the award must follow.

*By the Court.*—Judgment affirmed. Cause remanded for further proceedings in accordance with this opinion.