KOPPELKAM and another, Executors, Appellants, vs. FIRST WISCONSIN TRUST COMPANY, Respondent.

*March 10—April 7, 1942.*

*Robert A. Ewens* of Milwaukee, for the appellants.

For the respondent there was a brief by *Shea & Hoyt,* attorneys, and *Ralph M. Hoyt* of counsel, all of Milwaukee, and oral argument by *Mr. Hoyt.*

WICKHEM, J.   On December 19, 1930, Edward John Koppelkam deposited with defendant the sum of $75,000 pursuant to a trust agreement executed by him.   The agreement recites that donor "gives, delivers, assigns, transfers and sets over to the trustee in trust for the uses and purposes hereinafter prescribed" the sum of $75,000.   The trustee is given the power to hold, administer, invest and reinvest, and otherwise handle the principal and interest of the trust fund, and to distribute the net income at convenient intervals, (1) to Lydia A. Koppelkam, wife of the donor, until the donor's daughter, Genevieve, shall have attained the age of thirty years, if both shall

live as long as this; (2) from and after the attainment by the daughter of the age of thirty years one half of the income to Lydia and one half to the daughter, Genevieve, until the death of either or both of them; (3) from and after the death of Lydia or of Genevieve, whichever shall first die, the net income to the survivor as long as she shall live; (4) from and after the decease of the wife and daughter the net income to be paid to the donor. The trust is made irrevocable for a period of ten years unless the donor, his wife, and his daughter shall all die prior to that time, and in the absence of a revocation is to terminate upon the death of the last of the three beneficiaries of the trust. Upon such termination, disposition of the assets is provided for. The details of this disposition are immaterial here. The indenture has a provision that the trust may be revoked on or after December 10, 1940. The settlor died prior to this date.

It is contended by plaintiffs, (1) that the power of revocation after ten years makes this an invalid *inter vivos* disposition of property; (2) that since the instrument provides for the disposition of both principal and interest after the death of the donor, it is testamentary in character; and (3) that it is void for failure to satisfy the statute of wills.

There is no contention in this case that the trust agreement satisfies sec. 238.06, Stats., which prescribes the manner in which wills are to be executed so we shall address ourselves to the following issues:

(1) Whether the trust is invalid because it was established in part for the purpose of disposing of settlor's property after his death;

(2) Whether the reserved right of revocation makes it an incomplete gift *inter vivos,* or an attempted testamentary disposition which to be valid must be executed in compliance with the statute of wills.

A testamentary disposition is one to take effect upon the death of a person making the disposition, and as to which he

has substantially entire control until his death. Restatement, Trusts, § 53. In *Templeton v. Butler,* 117 Wis. 455, 458, 94 N. W. 306, it is said that an instrument is testamentary in character if it "declares the present will of the maker as to disposal of property after his death, without attempting to declare or create any rights therein prior to such event." It is perfectly obvious that this trust agreement created rights prior to the settlor's death. In fact, for ten years, which in this case was all of the remaining lifetime of the settlor, the rights were irrevocable. During that period the entire interest and income were in the wife and daughter, and only by surviving both could the settlor have any interest in the trust. In *Pietsch v. Marshall & Ilsley Bank,* 164 Wis. 368, 160 N. W. 184, the trustee was to pay an income to the settlor for life and upon his death to make certain distributions of the corpus. In spite of a great deal of phraseology in this trust agreement having a testamentary sound, this court held that a valid trust was created. The mere fact that the agreement provided for disposition of the trust property upon the settlor's death was not regarded as a circumstance of any importance in view of the creation of rights during his lifetime. See 1 Bogert, Trusts and Trustees, § 103; 1 Scott, Trusts, p. 338, § 57.1. The contention that reservation of the right to revoke after ten years destroys the validity of the agreement as a transfer *inter vivos* appears to us to be wholly unsound. For a period of ten years the trust was completely irrevocable, and since the settlor died before this had elapsed, it was at all times irrevocable by its terms.

Plaintiffs' contention is contrary to the doctrine of this court as expressed in *Warsco v. Oshkosh Savings & Trust Co.* 183 Wis. 156, 158, 196 N. W. 829, and *First Wis. Trust Co. v. Department of Taxation,* 237 Wis. 135, 294 N. W. 868, and to practically all the authorities. In *Cleveland Trust Co. v. White,* 134 Ohio St. 1, 11, 15 N. E. (2d) 627, the court, in overruling two earlier Ohio cases, sustaining plaintiffs' views,

stated that the doctrine of these cases "is opposed to the rule announced by all the courts of last resort in other jurisdictions which have spoken on the subject, and cannot be regarded as controlling in Ohio."

In Restatement, Trusts, § 57 (1), it is said:

"Where by the terms of the trust an interest passes to the beneficiary during the life of the settlor, the trust is not testamentary merely because the settlor reserves a beneficial life estate or because he reserves in addition a power to revoke the trust in whole or in part and a power to modify the trust."

It is pointed out by the comment to this section that the principle involved is that an interest is actually created during the lifetime of the settlor, and the mere fact that he can destroy or alter it does not make the disposition testamentary, although if the trust were not to arise until his death the disposition would be testamentary. See note, 73 A. L. R. 209.

Plaintiffs rely upon the case of *Warsco v. Oshkosh Savings & Trust Co., supra.* In that case the settlor delivered to the trustee a certificate of deposit pursuant to an instrument reciting that the "settlor hereby irrevocably directs and declares that the trustee shall henceforth stand possessed of said certificate," etc. After providing for payment of the income to the settlor or at his direction during his life and directing payment of the principal upon his death to a named beneficiary, there followed a paragraph obligating the trustee at any time on request of settlor to "turn over and pay to him any of the moneys in its hands derived from the said certificate of deposit, without the consent of" the person named as the beneficiary after his death. After the death of the settlor, trustee delivered the balance of the corpus to the beneficiary in accordance with the terms of the trust. The administrator of the settlor's estate sought to recover this amount upon the theory that the trust was invalid. The trial court held the trust valid and dismissed the action. The judgment was reversed by this

court and the trust held invalid because *by its terms* settlor could at any time demand the principal of the trust. The vice was not the revocability of the trust, but the fact that there was no alienation of the donor's property in such a way as to cause a benefit to accrue to a *cestui que trust* unless prevented by a condition subsequent resulting from a lawful revocation of the trust. The court considered that the settlor had at all times such full dominion over the trust *res,* that he could use it as he pleased, and that the trustee was a mere agent to hold the property. This being true, the agreement was held not to constitute a valid conveyance in trust.

It is expressly stated in the opinion that had the trust been merely revocable, it would have been valid. See also *First Wis. Trust Co. v. Department of Taxation, supra,* in which the holding is to the same effect, expressly relying on the *Warsco Case, supra.*

The soundness of the distinction in the *Warsco Case* is characterized as finespun by Prof. Scott in his work on Trusts, volume 1, page 343, and in an article in 43 Harvard Law Review, 532. It is also called to our attention that the case of *McEvoy v. Boston Five Cents Sav. Bank,* 201 Mass. 50, 87 N. E. 465, upon which this court based its decision in the *Warsco Case* has since been overruled in Massachusetts, *Jones v. Old Colony Trust Co.* 251 Mass. 309, 146 N. E. 716. However, this is of no materiality here. The critics of the *Warsco Case* would hold valid the trust involved there. There is no comfort for plaintiffs in this criticism. In view of the foregoing we consider that the trial court properly sustained the demurrer.

*By the Court.*—Order and judgment affirmed.