IN RE GUARDIANSHIP OF SCHNEIDER : STATE DEPARTMENT OF PUBLIC WELFARE, Appellant, vs. SCHNEIDER, Guardian, Respondent.

*November 11—December 7, 1943.*

324

The cause was submitted for the appellant on the brief of *Blaine M. Linke*, chief counsel, and *Roger C. Buss*, law examiner, and for the respondent on the brief of *John P. Mc-Galloway* of Fond du Lac.

ROSENBERRY, C. J. The respondent seeks to sustain the order of the court on the ground that by sec. 319.41, Stats., sec. 313.15, relating to the distribution of personalty of a deceased person is made a part of ch. 319, Stats., by reference. The relevant part of sec. 319.41 is as follows:

"Notice of the time and place so fixed and limited shall be given by publication as in the estates of decedents; and all statutes relating to claims against and in favor of estates of decedents shall apply."

As originally enacted by ch. 103, Laws of 1893, the material part of the section read as follows:

"(2) . . . And all proceedings relating to the presentation, allowance and payment of claims and demands against any ward shall be substantially like those provided by law in relation to the estates of decedents so far as applicable, unless otherwise provided herein."

This provision later became a part of sec. 3995*b*, Stats., in 1925 was renumbered sec. 319.41, and by revision in 1929 (ch. 87), was amended to its present form. Sec. 313.15 is a part of ch. 313, Stats., entitled "Proof and payment of debts," and provides:

"*Distribution of personalty.* When any person shall die possessed of any personal estate or of any right or interest therein, whether disposed of by will or not, the same shall be applied and distributed as follows:
"(1) *Allowance to widows.* . . .
"(2) *Allowance to family.* . . .
"(3) *Allowance to minor children.* . . .
"(4) *Allowances for funeral expenses and to widow and children.* . . .

"(5) *Excess to be applied to debts.* If the personal estate of any deceased person shall amount to more than the allowance mentioned in subsections (1), (2), (3) and (4) of this section, the excess shall be applied to the payment of the debts of the deceased so far as may be necessary."

Sec. 319.26, Stats., provides:

"Every guardian shall manage the estate of his ward frugally and without waste and apply the personal property or the income therefrom or from the real estate, as far as may be necessary for the suitable education, maintenance and support of the ward and of his family, if there be any legally dependent upon him for support, and for the care and protection of his real estate. . . ."

On behalf of the respondent it is contended that by the language quoted from sec. 319.41, Stats., the provisions of sec. 313.15 relating to allowance to wife and family are imported into ch. 319, Stats. It is considered that this contention is not sound. Provision for the support of the family of the ward is provided for by sec. 319.26. If the argument of respondent is sound, that provision would be nugatory and we would have to look to sec. 313.15 for authority to provide for the support of the ward's family out of his estate. It is also clear that sec. 313.15 does not relate to "claims," as that term is used in the statute. The rights of the widow and family are statutory and no "claim" needs to be filed or allowed in order to enforce them.

The provision that "all statutes relating to claims against and in favor of estates of decedents shall apply" does not import those provisions of ch. 313, Stats., which authorize the support of the deceased's family out of his estate, into ch. 319, Stats. Those provisions do not relate to claims against or in favor of the estates of decedents and for that reason are not incorporated by reference into sec. 319.41.

The supreme court of Iowa construing a very similar statute, arrived at the same result. See *Dutch v. Marvin* (1887), 72 Iowa, 663, 34 N. W. 465.

It is apparent that the court proceeded upon an erroneous view of the applicable statutory provisions. The trial court allowed the wife $200 pursuant to the provisions of sec. 313.15 (1), Stats., which we hold does not apply to proceedings in a guardianship. There being no provision in ch. 319, Stats., relating to guardianships, authorizing such an allowance, the order of the trial court is reversed with directions to modify the order by striking therefrom the $200 it allowed on the authority of sec. 313.15 (1) and to allow the claim of the Department of Public Welfare and payment of the claim so far as there are available funds.

*By the Court.*—The order appealed from is reversed, and cause remanded for further proceedings as indicated in the opinion.