Chilovi, Administratrix, Appellant, vs. Industrial Commission and another, Respondents.*

*January 18—February 13, 1945.*

* Motion for rehearing denied, without costs, on May 1, 1945.

For the appellant there was a brief by *Poss, Toelle & Schuler* of Milwaukee, and oral argument by *H. W. Schuler*.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan*, assistant attorney general, and oral argument by *Mr. Levitan*.

For the respondent Geuder, Paeschke & Frey Company there was a brief by *Otjen & Otjen* of Milwaukee, and oral argument by *Henry H. Otjen*.

BARLOW, J.   The death of Fidela Della was not a proximate result of the injury which he claimed to have sustained in the employment of Geuder, Paeschke & Frey Company. Workmen's compensation was paid to Della for an injury proximately causing permanent partial disability.   The wife, Theresa Della, was alive at the time of the injury to her husband, but died prior to his death.   If she had survived her husband she would have been entitled to the unaccrued compensation due, under the provisions of sec. 102.47 (2), Stats., which section provides that unaccrued compensation shall first be applied to funeral expenses in a sum not to exceed $200, and any remaining sum paid to dependents.

Appellant contends that the deceased Theresa Della, being wholly dependent on the date of the injury, her estate is entitled to the unaccrued compensation under sec. 102.51 (4), Stats., which provides as follows:

*"Dependency as of date of injury.*   Questions as to who constitute dependents and the extent of their dependency shall be determined as of the date of the injury to the employee, and their right to any death benefit shall become fixed as of such time, irrespective of any subsequent change in conditions; and the death benefit shall be directly recoverable by and payable to the dependents entitled thereto or their legal guardians or trustees; in case of the death of a dependent whose right to a death benefit has thus become fixed, so much of the same as is then unpaid shall be payable to his personal representatives in gross."

That the proceeds are to be disposed of in accordance with the terms of the statute was held in *Dowe v. Specialty Brass Co.* (1935) 219 Wis. 192, 262 N. W. 605..   This requires an interpretation of the sections in question, and requires the compensation act to be read in its entirety in order to ascertain the legislative intent.   *In re Nagler* (1927), 194 Wis. 437, 216 N. W. 493; *Standard Oil Co. v. Industrial Comm.* (1940) 234 Wis. 498, 291 N. W. 826; *Zarnott v. Timken-Detroit Axle Co.* (1944) 244 Wis. 596, 13 N. W. (2d) 53.

Appellant contends that the language of sec. 102.51 (4), Stats., is plain and unambiguous that dependency is determined as of the date of injury and the right to any death benefit is fixed as of such time. Reliance is placed on the case of *Kuetbach v. Industrial Comm.* (1917) 166 Wis. 378, 165 N. W. 302, where this court held that a parent dependent upon his son at the time of the accident was entitled to death benefits and that neither the wife, who had married the son after his accident, nor the posthumous child was entitled to any death benefits. While this clearly holds that a dependency created after the date of the injury cannot acquire an interest in unpaid benefits after the death of the injured party, it gives no assistance in determining the issue here involved.

The special committee on industrial insurance (1911), which drafted the compensation act, reported that the purpose of the act was to protect injured employees and their dependents and provide medical aid and compensation to the injured, or in case of his death compensation to his dependents immediately after the injury. With reference to a death after injury, and still not caused by the injury, the committee said:

"Any comprehensive compensation scheme should provide for the dependents in case of the death of a person who has been totally disabled and who is receiving compensation at the time of death but whose death results from a cause not connected with the original injury. The compensation is fixed, in fact, at the time of the injury, and the further fact that it is paid in instalments instead of a lump sum should not defeat the dependents of their right to support if death of the injured person from any cause follows. This same provision in modified form is carried into those cases where there is only permanent partial disability. The justice of these provisions must appeal to those giving the matter broad consideration."

It is evident from the above statement that the special committee and the legislature intended to provide for dependents

who were alive not only at the time of the injury but also at the time of the death of the injured person.

Under sec. 102.46, Stats., which provides for death benefit where death proximately results from the injury, the dependent must be alive at the time of the death of the injured person in order to obtain the benefit provided, and in sec. 102.48 provision is made for death benefits where a deceased employee leaves no one wholly dependent upon him for support. Also, sec. 102.49 (subs. (3), (7), and (9) ), relating to additional benefits for children under the state fund, provides for the payment of benefits only where there is a surviving parent, surviving spouse, or where an employee leaves a wife or husband wholly dependent and also a child or children by a former marriage or adoption, likewise wholly dependent. These sections precede and follow sec. 102.47 involved in this case.

Appellant contends that the failure of the legislature to provide that the dependent must survive the injured employee clearly shows the legislative intent to protect dependents if alive at the time of the injury, and their estates, even though the death of the dependent ensued before that of the injured person. We are unable to agree with this contention. We do not hesitate to state that the legislature could have expressed its intention in simple language, but where it has failed to do so and the language is capable of more than one interpretation it must be read in a sense which harmonizes with the subject matter and the general purpose and object of the statute. *Julius v. Druckrey* (1934), 214 Wis. 643, 254 N. W. 358.

The learned trial judge ably said:

"That the words 'irrespective of any subsequent change in conditions' means any changes in the extent of dependency or the degree of relationship between the dependent and the injured employee. Death of a dependent, however, is not a change in conditions; it is a termination or end of conditions; a complete elimination of a dependent."

It is considered that the death of this dependent prior to the death of the injured employee defeats her administratrix from receiving the death benefit.

*By the Court.*—Judgment affirmed.