TUCKER, Administrator, Plaintiff and Respondent, vs. SIM-ROW, Defendant and Appellant: WIRTH and another, Defendants and Respondents.

*December 4, 1945—January 8, 1946.*

*Charles H. Avery* of Antigo, for the appellant.

*Alfred H. Handrich,* attorney, and *Eugene Wengert* of counsel, both of Milwaukee, for the respondents.

WICKHEM, J.    The facts are undisputed and are not complicated.   Augusta Sands had savings and checking accounts in the State Bank of Elcho.   She married Frank Simrow and had the accounts changed to "Mrs. Frank Simrow."    On December 1, 1936, after consultation with the bank cashier she signed a paper containing the following directions applicable to the accounts:

"Effective as of this date you are hereby directed to add the following to my savings account No. 659:

"In case of death one half ($\frac{1}{2}$) of this account to be payable to Frank Simrow, husband; one fourth ($\frac{1}{4}$) to Florence Tucker Wirth, daugher; one fourth ($\frac{1}{4}$) to Clarence Tucker, son.

"You are also directed to add the following to my checking account:

"In case of death same to be payable to Frank Simrow, husband.

> "(Signed) MRS. FRANK SIMROW,
> MRS. FRANK SIMROW."

Appellant argues that under the facts above there was a contract between the bank and depositor for the benefit of third parties (namely the persons named in Exhibit C), and that under the logic of the decisions in *Estate of Staver*, 218 Wis. 114, 260 N. W. 655, and *Estate of Skilling*, 218 Wis. 574, 260 N. W. 660, the balance in these accounts remaining at the death of depositor should be paid according to the terms of the contract.    *Tweeddale v. Tweeddale,* 116 Wis. 517, 93 N. W. 440.

The trial court held that the directions in Exhibit C were ineffective testamentary dispositions by testator. We consider that this ruling was correct. In the *Staver Case, supra,* this court dealt with the question whether a joint deposit was effectively created without delivery of certificates of deposit evidencing the account. This court held that no delivery was necessary, since the contract between the bank and depositor created the chose in action which was the subject of the gift, as well as an immediate present interest in the persons named as joint tenants; that since no transfer of a chose in action was involved, the terms of the contract itself determined its scope, effect, and validity and there was nothing to deliver and requirements as to gifts of specific personal property are inapplicable. The doctrine of *Koppelkam v. First Wisconsin Trust Co.* 240 Wis. 254, 3 N. W. (2d) 350, and *Warsco v. Oshkosh Savings & Trust Co.* 183 Wis. 156, 196 N. W. 829, is to the effect that, where substantially entire control of the property disposed of is retained by the person making the deposit until his death, a testamentary disposition has been attempted and any document making such disposition must satisfy the statute governing execution of wills. The distinction is between cases like the *Staver* and *Skilling Cases, supra,* where a present interest is created in the person alleged to be a joint tenant and those where complete control over the property or chose is retained until death by the donor.

*By the Court.*—Judgment affirmed.