ALAN REALTY COMPANY, Respondent, vs. FAIR DEAL
INVESTMENT COMPANY and another, Appellants.

*November 9—December 6, 1955.*

For the appellants there was a brief by *Fred B. Colman,* attorney, and *Frank, Karl & Bessman* of counsel, all of Milwaukee, and oral argument by *Mr. Leonard Bessman* and *Mr. Colman.*

For the respondent there was a brief and oral argument by *Elliot N. Walstead* of Milwaukee.

BROADFOOT, J. By the provisions of sec. 236.16, Stats. 1951, it was unlawful for any person to contract for the sale,

to sell, or offer to sell, any subdivision or part thereof until a final plat in compliance with the provisions of ch. 236, Stats., had been duly recorded in the office of the register of deeds wherein the real estate was located. Ch. 351, Laws of 1953, effective July 3, 1953, repealed said section of the statutes. A new penalty section numbered 236.165 was created and by said section it was made unlawful to convey or offer for conveyance lots of land in any subdivision or part thereof by reference to a map or plat not made as provided by said chapter, and that all conveyances or offers to convey lands in violation thereof are voidable at the option of the buyer but are binding upon the vendor. By the same chapter there was created sec. 236.025, which provided that it shall be unlawful for any owner or his agent to convey or offer to convey any subdivision or part thereof until a final plat is made and recorded. At its resumed session in the fall the legislature enacted ch. 624, Laws of 1953, effective November 3, 1953, and therein it repealed secs. 236.025 and 236.165, which had been created by ch. 351, Laws of 1953. In addition thereto it provided that any conveyance or offer to convey lands in violation of the provisions of sec. 236.165 should be deemed valid in so far as the cause of such invalidity was due to violation of the requirements of said section. It did not attempt to validate conveyances or offers to convey made in violation of sec. 236.025.

It is apparent that the complaint was framed with ch. 236, Stats. 1951, in mind. However, under our liberal rules of pleading, the complaint attempts to allege a cause of action for an unlawful offer to convey a part of a subdivision before the recording of a final plat thereof. The answers deny such allegation, and the sole issue in the case is whether or not the contract violated the provisions of sec. 236.025 created by ch. 351, Laws of 1953.

The plaintiff was aware of all of the facts. It knew that the defendants only had an option to purchase, that only a tentative or preliminary plat had been made, and that the entire contract was based upon the annexation of the tract containing the lots which the defendants agreed to sell, the preparation of a final plat, its approval by the city of Milwaukee, and the recording thereof. Instead of offering to convey said lands before the final plat was recorded, the contract expressly provided that conveyance should be made only after all of the conditions had been complied with and the final plat recorded. If all of such requirements were not complied with, the contract provided that the same should be null and void, and all deposited moneys returned to the buyer at its option.

In regulating the subdivision of lands and the sale thereof by reference to plats, the legislature was attempting to provide for orderly urban development and to insure accurate and easy descriptions of land in the offices of the registers of deeds. One main purpose of such regulations was to avoid cluttering the books of the registers of deeds with metes and bounds descriptions of small tracts of land.

In construing a particular statute the subject matter, the evil which it seeks to remedy or prevent, and the purpose sought to be accomplished are to be given great consideration. By sec. 236.025, Stats., the legislature was attempting to prevent the sale of lands in small parcels except where the same had been finally platted and where the plat had been approved by the proper authorities and then recorded. Conveyances by reference to tentative or preliminary plats not recorded were to be prevented. Compliance with this contract would have resulted only in a conveyance of lands properly platted, approved, and recorded. The contract was not an offer to convey before a final plat was made and recorded.

On the contrary, the contract expressly avoided just what the statute was designed to prevent. So far as it was an offer, it was an offer to convey only after the tract had been annexed, a final plat prepared, approved, and recorded. The contract was in harmony with the legislative purpose of orderly urban development in that it required the approval of the city authorities, and it would result in a conveyance containing an accurate and easy description by reference to a recorded plat.

As a matter of interest only, we call attention to the fact that by ch. 624, Laws of 1953, the legislative council was directed to study the matter of the subdivision and platting of lands and to report its findings and recommendations to the 1955 legislature. As a result of a careful study by a committee of the council, and with the assistance of an advisory committee representing the many groups interested in the subject, the 1955 legislature, by ch. 570, Laws of 1955, repealed and re-created ch. 236, Stats.

Upon the record before us, summary judgment should not have been granted.

*By the Court.*—Order affirmed. Judgment reversed, and cause remanded for further proceedings according to law, with costs to the appellants.