ESTATE OF FUCELA: FUCELA, Appellant, v. JURSIK, Executor, and others, Respondents.*

*January 8—February 2, 1965.*

For the appellant there was a brief and oral argument by *Stephen J. Hajduch* of Milwaukee.

For the respondents Emil Fucela, Vlado Fucela, Mary F. Bezamba, Helena Fucela, Anna Yelle, and Olga F. Ludin there was a brief by *Foley, Sammond & Lardner* and

*Edwin F. Walmer* and *Robert J. Bonner,* all of Milwaukee, and oral argument by *Mr. Walmer.*

BEILFUSS, J. The issue on this appeal is, does the widow of a decedent owning shares in a savings and loan association in the form prescribed in sec. 215.14 (2), Stats. 1961, have a right to a widow's allowance or other statutory interest in such account which is payable upon death to named third persons?

The following statutes, 1961, are involved:

"215.14 JOINT SHARE ACCOUNTS. . . .

"(2) Shares may be issued to a member payable upon death to another person. *Upon the death of the member such other named person shall become the owner* and the payment of the participating value of the shares to such person shall be made as provided in section 72.11 (2) and (3), but no new owner shall have rights superior or prior to the rights of the deceased member. *Such shares shall be considered a part of the deceased member's estate and subject to the payment of his just debts."* (Emphasis added.)

"313.15 DISTRIBUTION OF ESTATE. When any person shall die possessed of any personal estate or of any right or interest therein, whether disposed of by will or not, the same shall be applied and distributed as follows : . . .

"(2) *Allowance to Family.* The widow and minor children, or either, constituting the family of the deceased testator or intestate, shall have such reasonable allowance out of the personal estate or the real estate, or both, of the deceased as the county court shall judge necessary for their maintenance until an award shall be made or refused as provided in subsection (4) (a) of this section, or their shares assigned to them. . . .

"(4) *Allowances for Funeral Expenses and to Widow and Children.* (a) If the total value of an estate exceeds the dispositions made therefrom under the preceding subsections the county court may, in its discretion, assign from the residue of such estate a sum or value not exceeding $2,000 for the use and support of the widow and minor children of

the deceased; and if there be no widow, for the support of the minor children; and if there is a widow but no minor children, for the support of the widow, in either case in such proportion as the judge may determine."

"313.16 DEBTS; ORDER OF PAYMENT. (1) If, after the allowance provided for by section 313.15 has been made and after the amount of the claims against any estate shall have been ascertained by the court, it shall appear that the executor or administrator has in his possession sufficient to pay all the debts, he shall pay the same in full within the time limited for that purpose. If the assets received by the executor or administrator, and which can be appropriated to the payment of debts, shall not be sufficient he shall, after paying necessary expenses of administration, pay the debts against the estate in the following order:

"(a) The necessary funeral expenses;

"(b) The expenses of the last sickness;

"(c) Debts having a preference under the laws of the United States or the laws of the state of Wisconsin;

"(d) Wages due to workmen, clerks or servants which have been earned within three months before the date of the death of the testator or intestate, not to exceed three hundred dollars to each claimant;

"(e) Debts due to other creditors."

This court in *Tucker v. Simrow* (1946), 248 Wis. 143, 21 N. W. (2d) 252, held that a savings and checking account payable to a named person at the death of the depositor is ineffectual to pass such account. At page 145, Mr. Justice WICKHEM, speaking for the court, stated:

"The doctrine of *Koppelkam v. First Wisconsin Trust Co.* 240 Wis. 254, 3 N. W. (2d) 350, and *Warsco v. Oshkosh Savings & Trust Co.* 183 Wis. 156, 196 N. W. 829, is to the effect that, where substantially entire control of the property disposed of is retained by the person making the deposit until his death, a testamentary disposition has been attempted and any document making such disposition must satisfy the statute governing execution of wills. The distinction is between cases like the *Staver* and *Skilling Cases, supra,*

where a present interest is created in the person alleged to be a joint tenant and those where complete control over the property or chose is retained until death by the donor."

In response to a request by the commissioner of savings and loans for an opinion, the attorney general in 38 Op. Atty. Gen. (1949) 343 advised that although a certificate in the name of A payable upon death to B could be issued, it would not be effective to pass ownership to B because it would probably be construed as an invalid attempt to make a testamentary disposition without the formalities required to make a will.

It is apparent that sec. 215.14 (2), Stats., was created to remove the prohibition of the *Tucker* decision.[1]

In construing sec. 215.14 (2), Stats., within the framework of the statutes pertaining to the probate of estates, consideration should be given to the apparent change of rule sought by sec. 215.14 (2).[2] In construing a statute bearing on a particular subject (here the probate of estates), where possible, the related statutes should be interpreted so as to give effect to each provision of the statutes involved. *Safe Way Motor Coach Co. v. Two Rivers* (1949), 256 Wis. 35, 39 N. W. (2d) 847.

Secs. 313.15 and 313.16, Stats., quoted above, refer to different demands upon estate assets. Sec. 313.15 gives the widow an "allowance" out of property which is *in* the estate. Sec. 313.16 refers to payment of debts due to creditors out of assets which are *in* the estate. Sec. 215.14 (2) determines when certain assets are *in* the estate.

---

[1] Ch. 530, Laws of 1951, secs. 1 a, and 2. Section renumbered and re-created in substantially the same form, sec. 215.14 (13). Ch. 315, Laws of 1963, sec. 1.

[2] See *Alan Realty Co. v. Fair Deal Investment Co.* (1955), 271 Wis. 336, 73 N. W. (2d) 517; *Standard Oil Co. v. Industrial Comm.* (1940), 234 Wis. 498, 291 N. W. 826.

That "allowances" and "debts" are different species of interest or demand upon estates is clear.

The widow's statutory rights do not require the filing of a claim; nor is allowance necessary for her to be entitled to her statutory share of the estate. Widow's statutory rights are not "claims." *Guardianship of Schneider* (1943), 244 Wis. 323, 12 N. W. (2d) 138. In *Estate of Phalen* (1928), 197 Wis. 336, 341, 222 N. W. 218, this court said:

"It is clear that under sec. 313.16 of the Statutes all claims against the estate are included in the word 'debt.'"

It would appear that if the widow's statutory rights are not "claims," they are not debts. The widow's interest not being a "debt," by operation of law, the savings account would not become part of the estate for the payment of that particular demand.

A final point of statutory construction should be mentioned. Sec. 215.14 (2), Stats., provides that the account is part of the estate *and* subject to payment of debts. Appellant argues that the account is subject to the payment of debts and *also* that it is part of the estate for all other purposes, *i.e.*, widow's statutory rights. We disagree. Such a construction would tend to nullify the apparent purpose sought to be accomplished by the legislature. A proper reading of the statute is that the account is part of the estate *for the payment* of debts. By this construction, the right of a member of a savings and loan association to pass his account is left fairly well intact. The widow's suggested construction would unnecessarily limit the right of disposition.

Sec. 215.14 (2), Stats. 1961, provides: ". . . Upon the death of the member such other named person shall become the owner. . . ." If the shares were to become a part of

the estate for purposes not set forth, the statute would become a nullity. We do not so construe the statute.

Under the facts of this case the result is harsh,[3] one that no member of this court relishes. We must, however, construe the statute to give it the effect the legislature apparently intended. If the legislature, upon reconsideration, determines that savings accounts of this nature should be subjected to the statutory allowances of widows and minors they may accomplish this purpose by appropriate amendment of the statute.

*By the Court.*—Order affirmed.

---

[3] Other means exist by which a husband may disinherit his wife of his personal estate. By use of *inter vivos* transfer, *Estate of Steck* (1957), 275 Wis. 290, 81 N. W. (2d) 729, it may be accomplished and possibly by purchase of United States bonds.