**In re Florence Frances BRIEN, Debtor.**

**Bankruptcy No. 88–04869.**

United States Bankruptcy Court,
E.D. Wisconsin.

June 21, 1991.

---

Henry Dorman, Racine, Wis., trustee.

John W. Foley, Racine, Wis., for St. Mary's Medical Center.

Herbert S. Bratt, Milwaukee, Wis., for debtor.

## DECISION

DALE E. IHLENFELDT, Bankruptcy Judge.

The trustee, Henry Dorman, and St. Mary's Medical Center, Inc. (St. Mary's), the sole creditor to have filed a claim in this case, have objected to the debtor's claimed exemption of $59,611.50 awarded to her in settlement of a worker's compensation claim submitted by her deceased husband, Marvin Brien (Brien). Other disputes between the parties regarding claimed exemptions have been resolved. The debtor initially claimed the money exempt under § 815.18(31) of the Wisconsin general exemption statutes.[1] She later amended her schedules so as to claim it exempt under § 102.27, a part of the Wisconsin statutes dealing with worker's compensation.

Brien was exposed to welding fumes and grinding dust during the 26 years of his employment, and he had a history of asthma and smoking. He developed chronic lung disease and ceased working on May 9, 1986. He was hospitalized at St. Mary's from January 19, 1987 to March 12, 1987, and again from August 22, 1987, until his death on September 22, 1988. St. Mary's initial claim for the care provided to Marvin Brien totaled $103,694. Receipt of insurance payments has reduced this amount to $61,049.

On November 2, 1988, Mrs. Brien filed a chapter 7 bankruptcy petition, and on March 20, 1989, by reason of Brien's death, probate proceedings were initiated in state court. St. Mary's filed a claim with the probate court, but the amount of its claim greatly exceeds the amount of probate assets.

The worker's compensation claim submitted by Brien was compromised on Feb-

---

1. **(31) Employe retirement benefits.** (a) The term "plan" as used in this subsection means any retirement, pension, disability, death benefit, stock bonus or profit-sharing plan created by an employer for the exclusive benefit of himself, if self-employed or of some or all of his employees, or their dependents or beneficiaries, to which contributions are made by such employer, or employees, or both, for the purpose of distributing in accordance with such plan to such employees, or their dependents or beneficiaries, .... 

(c) The interest of any person in any employees' benefit plan as defined in this subsection and any pension or other benefit derived therefrom shall not be subject to any garnishment, attachment, execution, sequestration, levy or any other legal or equitable process and no assignment of any such interest, pension or other benefit shall be valid or recognized.

ruary 23, 1989. Neither the trustee nor St. Mary's were given notice of nor were parties to that transaction. The compromise agreement provided that in "full settlement of any and all liability (that they) may have, including but not limited to Chapter 102 of the Wisconsin Statutes," Brien's employer and its insurer agreed to pay "the applicant's (Brien's) estate" and his attorney the total sum of $75,000 and (after payment of attorney's fees and costs) that $59,611.50 of that amount was to be disbursed "To Florence Brien, spouse of Marvin Brien, Dec'd." The agreement was subject to approval by the Wisconsin Department of Industry, Labor & Human Relations (DILHR), which approval was given by order dated April 3, 1989. That order, signed by a DILHR Administrative Law Judge, directed payment to "Florence Brien, spouse of Marvin."

No separation of the settlement amount into disability benefits or death benefits was made in the compromise agreement or order of approval. Although the ambiguous language in the compromise agreement indicated the money might be payable to her deceased husband's estate and flow to her as his heir, it was paid directly to the debtor in her personal capacity.

Noting that the agreement included "any and all liability," St. Mary's suggested that part of the payment might be for something other than worker's compensation and thus not protected by § 102.27. In addition, citing § 765.001(2) of the Wisconsin Statutes and the analysis of U.S. District Judge Robert W. Warren in the case of *U.S. v. Conn*, 645 F.Supp. 44 (E.D.Wis. 1986), St. Mary's argued that "the law of necessaries as that law exists in Wisconsin" makes the debtor liable for Brian's medical expenses. Section 765.001(2) provides: "Each spouse has an equal obligation in accordance with his or her ability to contribute money or services or both which are necessary for the adequate support and maintenance of his or her minor children and of the other spouse." Addressing the application of the Wisconsin Marital Property Act to the doctrine of necessaries, Judge Warren said that the assets of one spouse could be used to pay for the necessary expenses of the other, and that each spouse had an equal obligation to support the other.

In *Milwaukee Coke & Gas Co. v. Industrial Comm.*, 160 Wis. 247, 251, 151 N.W. 245, 246 (1915), the court held, under the statute as it then existed, that when an employee with dependents was injured and temporarily disabled and subsequently died as a result of the injuries, there were "two distinct claims for indemnity: one by the employee himself, for his temporary disablement, and one by the dependents for the death, neither of which claims can be discharged by the owner of the other claim."

Seeking a clarification of the compromise agreement, the trustee wrote to the Administrative Law Judge who had approved the settlement, and received the following response:

It is impossible to tell from the compromise agreement what portion of the funds distributed were for death benefits and what portion were for compensation accrued prior to the date of death. There was a dispute as to the compensability of the injury, permanent disability and temporary total disability from May 9, 1986 to the date of death.

The payments were made directly to Florence Brien per my order of April 3, 1989 and none of the parties appealed that order within the one year statute of limitations. It would be my position that the payments were properly paid to Florence Brien, rather than to the estate of Marvin Brien. I would not have an opinion as to what effect this would have on any bankruptcy proceedings.

Thereafter, this court scheduled a hearing to determine whether the debtor received the funds as the "party entitled thereto" under § 102.27(1), what portion of the $59,611.50 settlement payment, if any, was property of the bankruptcy estate, and if it was property of the bankruptcy estate, whether or not it was exempt under the Wisconsin worker's compensation statutes. The relevant portions of those statutes provide:

**102.27 Claims and awards protected; exceptions.**

(1) (No) claim for compensation[2] shall be assignable, but this provision shall not affect the survival thereof; nor shall any claim for compensation, or compensation awarded, or paid, be taken for the debts of the party entitled thereto.

**102.46 Death benefit.** Where death proximately results from the injury and the deceased leaves a person wholly dependent upon him or her for support, the death benefit shall equal 4 times his or her average annual earnings,....

**102.47 Death benefit, continued.** If death occurs to an injured employe other than as a proximate result of the injury, before disability indemnity ceases, death benefit and burial expense allowance shall be as follows:

(1) Where the injury proximately causes permanent total disability, they shall be the same as if the injury had caused death, except that the burial expense allowance shall be included in the items subject to the limitation stated in s. 102.46. The amount available shall be applied toward burial expense before any is applied toward death benefit. If there are no surviving dependents the amount payable to dependents shall be paid, as provided in s. 102.49(5)(b), to the fund created under s. 102.65.

(2) Where the injury proximately causes permanent partial disability, the unaccrued compensation shall first be applied toward funeral expenses, not to exceed the amount specified in s. 102.50. Any remaining sum shall be paid to dependents, as provided in this section and ss. 102.46 and 102.48, and there is no liability for any other payments. All computations under this subsection shall take into consideration the present value of future payments. If there are no surviving dependents the amount payable to dependents shall be paid, as provided in s. 102.49(5)(b), to the fund created under s. 102.65.

Section 102.17 gives the procedure for filing a claim to benefits, and § 102.51 defines who are the dependents entitled to death benefits.

In *City of Milwaukee v. Industrial Commission of Wisconsin*, 185 Wis. 307, 201 N.W. 251 (1924), the court ruled that in case of injury to an employee, there arises a present claim for compensation on his individual behalf, belonging to him solely, and an inchoate right of action which, upon his death resulting from accident, becomes an absolute claim for compensation belonging to his dependents, separate and distinct from the one accruing to him. Further, while the funds he was awarded might ordinarily have become a part of his estate, the legislature had in fact provided otherwise in the statute, and the funds could accordingly go directly to the dependents without the necessity of any other procedure.

In *Dowe, Executor v. Specialty Brass Co.*, 219 Wis. 192, 262 N.W. 605 (1935), the executor of John Dowe's estate sought to recover the balance of an award made by the Wisconsin industrial commission pursuant to a compromise agreed to by Dowe. The executor contended that because the commission's award was based on a stipulation, Dowe's right was contractual in nature, and that the executor succeeded to his rights upon his death, so as to make the unpaid installments a part of the estate of the deceased employee. The court rejected this argument, stating (195, 262 N.W. 605):

The stipulation was made pursuant to the provisions of ch. 102 and the amount to be paid by way of compensation remains subject to ch. 102. Furthermore, the industrial commission is expressly authorized under such circumstances to determine what persons are dependents so that the whole matter remains subject to the provisions of ch. 102. The claim that there is a contractual basis upon which judgment may be awarded for the unpaid installments is without force. The contract or stipulation was ineffectual unless and until approved by the industrial commission, and then it merely formed the basis of the award, the proceeds of which must be disposed of in

---

2. "Compensation" is defined in § 102.01(2)(am) as "worker's compensation."

accordance with the terms of the statute. The circuit court has no primary jurisdiction to determine who are dependents, that jurisdiction being conferred upon the industrial commission. The executor of the estate of John Dowe has no claim upon the installments remaining unpaid at the time of the death of the injured employee.

*State v. LIRC,* 136 Wis.2d 281, 401 N.W.2d 585 (1987), is similar in many respects to the case at bar. The employee, McKenzie, a welder, developed shortness of breath, asthma, and bronchitis, diagnosed as pneumoconiosis, retired from work in 1971 and was totally disabled from that time. His total disability was the result of his work and was a compensable injury, but he never filed a claim for worker's compensation benefits, and his right to claim such benefits expired in 1977. He died in 1979 from causes unrelated to his occupational injury.

The case held that where a deceased employee was entitled to apply for total disability compensation but failed to do so, the surviving spouse could not bring a claim for the deceased employee's permanent total disability benefits. The dissent contended, unsuccessfully, that worker's compensation due, but unpaid, at the time of death is a contractual right vesting in the employee, and that it should be paid to the personal representative of his estate. The majority, however, ruled that worker's compensation benefits derive solely from legislative enactments, and only if rights and benefits are specifically conferred by the Worker's Compensation Act can it be said that they exist. The court said (288, 401 N.W.2d 585):

> The compensation act is devoid of any suggestion that a dependent can, after the death of the worker, claim benefits that the worker chose not to claim. That does not mean that a dependent ... has no post-mortem rights under the act. The compensation act specifically provides death benefits when death results from the injury and the deceased leaves a person dependent upon him for support. The act also provides for a death benefit when the injured employee dies

other than as the proximate result of the injury. The exact situation that occurred in this case is contemplated by sec. 102.-47(1), Stats. (1979)....

Accordingly, there is a specific provision of the act that applies in the instant case, where there is an admitted total disability. The amount payable to the surviving spouse is identical to that which would have been payable had the injury caused death. It should be noted that, had any disability been paid or been due at the time of death, such payments would contribute to the statutory limitation on the death benefit. Thus, in the instant case, where no disability payments were claimed or made, the death benefit is undiminished.

Attorney John Jude of Racine, Wisconsin was called as an expert witness in the hearing before this court. Using the statutory formula for worker's compensation benefits, Jude computed the maximum amount of exposure of Brien's employer and its insurer. He said that if Brien had an employment related permanent total disability, Mrs. Brien would have been entitled to the maximum even if Brien's disability was not the cause of his death, and he estimated that the claim had been settled for about half the maximum. The formula is based upon past wage loss and temporary or permanent total disability. DILHR determines which surviving dependent or dependents are to receive the worker's compensation benefits.

Jude said that because the payment in this case was designated by DILHR as a benefit for the surviving spouse, it had to be a death benefit claim, and that when there is an unpaid claim for past wage loss, by statute that also goes to the surviving dependent. With reference to § 102.27(1) and in response to a question from the court, he said that medical expenses were not a factor in computing an employee's worker's compensation benefits, and that it was the policy of the State of Wisconsin that worker's compensation benefits could not be taken to pay medical expenses, or for that matter, any of the debts or ex-

penses of the party entitled to those benefits, in this case, Mrs. Brien.

The court finds that the *Dowe* case is controlling in the present circumstances, that §§ 102.46, 102.47 and 102.51 give the debtor a direct entitlement to the $59,-611.50 of worker's compensation death benefits, that she was the "party entitled thereto" as provided in § 102.27(1), and pursuant to that section, that the benefits are exempt from the claims of the trustee in bankruptcy and St. Mary's Medical Center, Inc.

This decision stands as and for findings of fact and conclusions of law, etc. An order will be entered in accordance with this decision.