STATE EX REL. HALL, Petitioner, vs. COWIE, Circuit Judge, Respondent.

*March 9—April 3, 1951.*

For the petitioner there were briefs by *Johns, Roraff, Coleman & Pappas* of La Crosse, and oral argument by *Leonard F. Roraff* and *Peter G. Pappas*.

For the respondent there was a brief by *Hale, Skemp, Nietsch, Hanson & Schnurrer* of La Crosse, and oral argument by *R. E. Nietsch* and *R. G. Schnurrer*.

MARTIN, J.   In 1945 an action was commenced in the circuit court for La Crosse county by George W. Hall, plaintiff, against Leona Hall, defendant (petitioner herein). Leona Hall made no appearance in the action other than to enter into a stipulation entitled "Agreement for alimony, etc." Such agreement, provided, among other things, that the defendant, Leona Hall, have the care, custody, and control of the seven infant children, and subject to the approval of the court:

"9. That the plaintiff shall pay to the defendant the sum of one hundred ($100) dollars per month, for the support of the defendant and the infant children of these parties, said payments to be made as follows:

"$50 per month on the 1st day of each month, and $50 on the 15th day of each month, the first of said $50 payments to be made on the earliest of said dates following the entry of a divorce in this action, and thereafter a like sum of $50 on

each of said days until the further order of the court, which said payments to be made to the clerk of the circuit court for La Crosse county, Wisconsin.

"If at the end of six months the defendant by her receipts proves that it is impossible to properly and adequately support herself and the children of these parties on said payment of $100 per month, these parties shall endeavor to agree upon such additional amount per month as may be required, and in the event they cannot agree, then it shall be the privilege of the defendant to have said proper amount determined by the judge of the circuit court for La Crosse county, Wisconsin.

"10. That as the children of these parties become self-supporting, the plaintiff shall have the privilege of applying to the above court for a reduction in the monthly support money to be paid to the defendant for the support of the defendant and said children."

A decree of divorce was granted to George W. Hall, the plaintiff, by the Hon. R. S. COWIE, circuit judge, on December 10, 1945, and the court stated in its conclusions of law:

"That the stipulation of the parties covering alimony and support money of the children of these parties is lawful, proper, and conclusive upon said parties."

In the judgment clause of the decree the court in paragraphs 10 and 11 adopted the identical language of the stipulation quoted above.

The minutes of the clerk of court as to said matter read in part as follows:

"The stipulation of the parties with respect to the support of the defendant and children and as to the division of estate is approved by the court. The defendant to pay plaintiff fifty ($50) on January 1, 1946, and fifty ($50) on January 15, 1946, and a like sum of fifty ($50) on each of said days thereafter each month."

On June 9, 1950, the plaintiff, George W. Hall, obtained an order to show cause returnable before the circuit court for La Crosse county, July 17, 1950, at 9 a. m., or as soon

thereafter as counsel may be heard before Hon. AROLD F. MURPHY, Circuit Judge, which order to show cause was based on an affidavit by George W. Hall stating that a decree of divorce dated December 10, 1945, among other things, provided for the payment of $100 per month alimony and support money, and which affidavit requested that any provision for alimony in favor of Leona Hall be expunged, and that the amount of support money be reduced. Such order to show cause has been adjourned from time to time and the matter is still pending.

While such order to show cause was pending conferences were had between petitioner and her attorney and attorney for plaintiff. The latter requested that the parties stipulate that the decree of December 10, 1945, be amended as of December 10, 1945, to provide that the $100 per month payment be designated solely as support money for the children of the parties, and no part as alimony. The petition states that defendant, Leona Hall, refused to stipulate to that effect and counsel for plaintiff was told that if that matter was to be determined it should be determined on notice by the court and that such motion would be resisted. Under date of July 18, 1950, Leonard F. Roraff, one of the defendant's attorneys, received a letter from plaintiff's attorneys, which letter reads as follows:

"I had a conversation with you last Friday relative to conferring with Judge COWIE in the matter of obtaining a *nunc pro tunc* order in the above matter.

"It is my understanding that you stated that your client would oppose your appearance in a matter of this kind.

"This letter is to notify you that we intend to present an application to Judge COWIE for a *nunc pro tunc* order, and, if he sees fit to sign same, we will serve a copy upon you."

Under date of August 14, 1950, plaintiff's attorney wrote a letter to Mr. Roraff inclosing copy of order amending divorce decree, as of December 10, 1945, the affidavit of

George W. Hall, and a memorandum decision of Judge
Cowie.

No notice of hearing on said application was given either
to Leona Hall or her attorneys, and the first notice that such
an order was entered was the receipt of it.

The minutes of the clerk of circuit court do not show that
any hearing was had in court. Such order was entered on
August 9, 1950, and reads as follows:

"On motion of Hale, Skemp, Nietsch, Hanson & Schnur-
rer, attorneys for George W. Hall, plaintiff herein,

"It is ordered:

"1. That the judgment heretofore rendered in this action
be and the same is hereby amended as of December 10, 1945,
the date of the original judgment, so that paragraph 10 of
said original judgment as amended shall read as follows:

" '10. That the plaintiff shall pay to the defendant the sum
of $100 per month, all of which shall apply for the support
of the infant children of these parties; said payments to be
made as follows: . . .' "

The memorandum decision written by Judge Cowie reads
as follows:

"The court has had the reporter read the testimony offered
upon the trial of the above-entitled divorce case and reviewed
the stipulation entered into between the parties before trial
for the payment of $100 a month by the plaintiff to the
defendant. As all of that amount would be required for the
support and maintenance of the several children of the parties,
and it appeared that the plaintiff did not have the ability to
pay any further sum as alimony, it was the court's intention
that all of the $100 per month payments should be for the
support of the children.

"The stipulation further provided that in the event of the
sale of the real estate of the parties, a certain stipulated
amount was then to be paid to the defendant, and it was the
court's understanding from this provision that the question
of alimony for the wife was deferred until such time as the
property was sold and the payment then made to the defend-
ant would be considered as division of estate in lieu of
alimony.

"This memorandum is made in explanation of an order amending the decree of divorce relating back to the time when the divorce was granted and for the specific purpose of supplying any omissions in the original decree of divorce."

It is one of the elementary essentials of judicial proceedings that notice of hearing be given. Sec. 269.31, Stats., specifically provides:

"When a notice of motion is necessary, unless the time be fixed by statute or the rules of court, it must be served eight days before the time appointed for the hearing; but the court or judge may, by an order to show cause, prescribe a shorter time."

It is not within the province or power of a court to enter orders or decrees without notice. *Mullane v. Central Hanover B. & T. Co.* (1950), 339 U. S. 306, 70 Sup. Ct. 652, 94 L. Ed. 865.

Sec. 269.46, Stats., provides:

*"Relief from judgments, orders, and stipulations.* (1) The court may, upon notice and just terms, at any time within one year after notice thereof, relieve a party from a judgment, order, stipulation, or other proceeding against him obtained, through his mistake, inadvertence, surprise, or excusable neglect and may supply an omission in any proceeding."

This statute provides, first of all, that the relief may be had only on notice. And where relief is asked under this section, not only the motion but the order itself must be made within one year after the moving party has notice of the judgment. *Fischbeck v. Mielenz* (1916), 162 Wis. 12, 15, 154 N. W. 701. It is also stated, page 17:

"After the lapse of the term at which judgment is entered and the expiration of one year thereafter, the circuit court may correct a mistake in the entry of the judgment so as to make it conform to the judgment actually pronounced by the court. It cannot modify or amend the judgment to make it conform to what the court ought to have adjudged or even intended to adjudge."

In other words, the court has full control of its judgment for one year. Thereafter, however, it is limited to make corrections to make the judgment conform to the actual pronouncement of the court.

We have here a number of documents in which the express term of alimony is used. The trial court in its decree used the term "alimony." The stipulation provided for the support of the defendant and children. The minutes show the actual pronouncement of the court that the stipulation is approved with respect to the support of the defendant and children. There is no pronouncement that no part of such sum is to go for the support of the defendant.

Five years elapsed before the *nunc pro tunc* order was entered. It did not amend the decree of December 10, 1945, to comply with the actual pronouncement of the court, but it made a judicial alteration of such decree. Such is not the purpose of a *nunc pro tunc* order. It cannot modify or amend the judgment to make it conform to what the court ought to have adjudged or even intended to adjudge.

The court has no jurisdiction over the subject matter so as to revise its decree after the expiration of one year from the entry of the decree.

Under the circumstances, it is proper for this court to grant the writ of certiorari and reverse and quash the order of August 9, 1950.

*By the Court.*—Writ granted, and order of August 9, 1950, reversed and quashed.