BRIGGSON and wife, Appellants, vs. CITY OF VIROQUA, Respondent.

*April 1—May 5, 1953.*

42

For the appellants there was a brief by *Bennett & Bennett* of Viroqua, and *Victor H. Breitenfield* of Sparta, and oral argument by *J. Henry Bennett* and *Olga Bennett*.

For the respondent there was a brief by *Wayne B. Schlintz* of Viroqua, and *Quincy H. Hale* of La Crosse, and oral argument by *Mr. Hale*.

CURRIE, J.   The appeal and cross appeal before the court raise only procedural questions relating to extension of time for serving the bill of exceptions.

As in the recent case of *Valentine v. Patrick Warren Construction Co.* (1953), 263 Wis. 143, 56 N. W. (2d) 860, the order of September 24, 1952, extending time to settle the bill of exceptions, was made after the ninety-day period provided by statute for the settlement of the bill of exceptions had expired.   Therefore, under the provisions of sec. 269.45, Stats., it was necessary for counsel of the defendant city (who intended to appeal from the judgment on the merits)

to show "excusable neglect" for failure to apply for such order of extension before the expiration of the statutory ninety-day period. We believe such excusable neglect was clearly established by the affidavit of Attorney Hale made in support of such application for extension showing that he relied on the prior *ex parte* order of Judge NEPRUD dated July 2, 1952, granting him until October 1, 1952, to serve the bill of exceptions, and pursuant to such order the bill of exceptions had been served on plaintiffs by counsel on September 5, 1952. Good cause for the extension also was clearly established by these same facts that established excusable neglect.

The cross appeal of the defendant city attacks the validity of Judge NEPRUD's order of September 15, 1952, vacating his prior *ex parte* order of July 2, 1952, extending the time in which the defendant might settle the bill of exceptions until October 1, 1952. Judge NEPRUD, in his order of September 15, 1952, vacating his prior order, stated the grounds upon which he so vacated said prior order were (1) that the original order extending time had been granted without notice, and (2) that not being the trial judge, he had no right to extend the time.

Sec. 269.45, Stats., provides as follows:

"(1) The court or a judge may with or without notice, for cause shown by affidavit and upon just terms and before the time has expired, extend the time within which any act or proceeding in an action or special proceeding must be taken, except the time for appeal.

"(2) After the expiration of the specified period or as extended by any previous order, the court may in its discretion, for like cause, upon notice, extend the time where the failure to act was the result of excusable neglect; except the time for appeal."

It can thus be seen from the reading of the statute that no notice is required of an application for an order extending

time to settle the bill of exceptions which is made before the expiration of the statutory ninety-day period available for settling the bill of exceptions, while notice is required if the application is made after the expiration of such ninety-day period. Inasmuch as notice of entry of judgment was served on April 30, 1952, the original order of Judge NEPRUD, extending time entered on July 2, 1952, was well within the ninety-day period so that no notice was required to be given to plaintiffs or their counsel under the plain wording of the statute. However, plaintiffs' counsel contend that such provision of the statute permitting a court or judge to enter an order granting extension of time to settle bill of exceptions without notice is unconstitutional as a denial of due process, and cite the following statement made by this court in its opinion in *State ex rel. Hall v. Cowie* (1951), 259 Wis. 123, 128, 47 N. W. (2d) 309:

"It is not within the province or power of a court to enter *orders* or decrees without notice. *Mullane v. Central Hanover B. & T. Co.* (1950), 339 U. S. 306, 70 Sup. Ct. 652, 94 L. Ed. 865." (Emphasis supplied.)

The word *"orders"* referred to in the above quotation in our decision in *State ex rel. Hall v. Cowie, supra,* must be interpreted to have reference to orders which affect substantive rights and not to a mere procedural order such as we have in the instant case extending time for settling the bill of exceptions. Due process does not require the giving of notice where substantive rights are not affected. *Chaloner v. Sherman* (1917), 242 U. S. 455, 461, 37 Sup. Ct. 136, 61 L. Ed. 427.

Furthermore, an order extending time for settling a bill of exceptions is an appealable order. *Morris v. P. & D. General Contractors, Inc.* (1941), 236 Wis. 513, 522, 295 N. W. 720. Therefore, even though such an order did affect substantive rights, it would not be a denial of due process to

enter such an order without notice to the opposite party, inasmuch as there exists such right of review by appeal. 16 C. J. S., Constitutional Law, p. 1254, sec. 619, states:

"Where there is proper provision for hearing by review, it is not a denial of due process to permit entry of a judgment without notice, . . ."

Sec. 270.48, Stats., provides in part as follows:

*"Bill of exceptions; settlement after death or incapacity of trial judge; new trial.* (1) If the trial judge shall die, remove from the state, or become incapacitated to act, the bill of exceptions may be settled by stipulation of the parties. If they cannot agree thereon, then the presiding judge of the court shall settle such bill and he may take testimony and determine any dispute relative to the proceedings had on the trial.

"(2) The presiding judge may, upon notice, extend the time for settling the bill the same as the trial judge might have done."

Counsel for plaintiffs contend that sub. (2) of sec. 270.48, Stats., is a specific statute which applies to extending time for settling bills of exceptions, while sec. 269.45 is a general statute applying to all types of orders extending time. Therefore, under the rule announced by this court in Boyle v. Larzelere (1944), 245 Wis. 152, 159, 13 N. W. 528, that where a specific statute conflicts with a general statute the provisions of the specific statute control, it is urged that the provisions of the specific statute, viz., sub. (2) of sec. 270.48 govern so that only the trial judge, and not the presiding judge, has authority to extend the time to settle the bill. However, sub. (2) of sec. 270.48 must be read and interpreted in connection with the provisions of sub. (1) of such statute which makes it clear that the provisions of sub. (2) apply only in a case where the trial judge is dead or incapacitated to act, which is not the situation in the instant case.

Therefore, the presiding judge was mistaken in concluding that his order dated July 2, 1952, extending the time for settling the bill of exceptions, was erroneous and void because (1) no notice of the application therefor was given the opposite parties, and (2) that the trial judge was the only judge who could so extend the time. Inasmuch as his order of September 15, 1952, vacating the *ex parte* order of July 2, 1952, was made as a result of such erroneous view of the law, the defendant city is entitled to reversal of said vacating order of September 15, 1952, without establishing an abuse of discretion on the part of the presiding judge. *Tracy v. Malmstadt* (1941), 236 Wis. 642, 646, 296 N. W. 87.

*By the Court.*—The order appealed from by plaintiffs is affirmed; the order appealed from by defendant is reversed.