MILLER, by Guardian *ad litem,* and another, Appellants, vs. BELANGER and another, Respondents.

*February 4—March 5, 1957.*

For the appellants there was a brief by *Truman Q. Mc-Nulty* and *Arlo McKinnon,* and *Ward Dunphy,* guardian *ad litem,* all of Milwaukee, and oral argument by *Mr. Mc-Nulty.*

For the respondents there was a brief by *Hayes & Hayes* of Milwaukee, and oral argument by *Hanlin J. Hayes.*

BROWN, J.   When John Miller, the minor plaintiff, was about four years old he was struck by an automobile driven by defendant Belanger.  He, by his guardian *ad litem,* and his father, plaintiff Joseph Miller, sued Belanger and his insurance carrier for their respective damages.  A jury found that Belanger was guilty of no causal negligence and judgment dismissing the complaint was entered January 24, 1956. Notice of entry of judgment was served on plaintiffs the next day.

Sec. 270.47, Stats., provides:

"After judgment is perfected either party may serve upon the other a written notice of the entry thereof; and service of a proposed bill of exceptions, by either party, must be made within ninety days after service of such notice. . . ."

The ninety days in this case would expire April 24, 1956. On April 21, 1956, plaintiffs secured an order from the trial

court directing defendants to show cause on April 23d why the time for serving the proposed bill of exceptions should not be enlarged by another ninety days. Plaintiffs' application for the order was supported by an affidavit of the guardian *ad litem* which informed the court that he had advised the parents of the minor plaintiff of the merits of an appeal and that an attempt to secure funds to finance an appeal is being made but the funds have not yet been obtained and more time to raise them is required; also that the court reporter is engaged in other work to such an extent that he would not have been able to make a timely transcript for a proposed bill of exceptions even if funds to pay for it had been promptly available.. This latter allegation was denied by the affidavit of the reporter.

The trial court took the motion under advisement. The ninety days after service on plaintiffs of notice of entry of judgment ran out on April 24th, but the opposing parties continued until May 10th to procure additional affidavits and to file them with the court, beginning with one by Miller, Sr. This affidavit informed the court that Miller's living expenses and instalment payments on debts amounted to $289.21 per month, not including $38 per month which another affidavit shows he pays on money borrowed from First Credit Corporation. Miller's affidavit states that his net income is approximately $315 per month and that First Credit Corporation has offered to increase his loan to finance an appeal. His affidavit does not state the terms on which the increase could be obtained, but it says that "the only source from which he can obtain a loan with payments small enough to allow him to make payments would be the Butchers Credit Union from which he *possibly* [our italics] can make a loan through his employment at the Weisel Sausage Company; that he has not as yet received approval from the credit union," and "that in the event that he obtains a loan he intends to appeal" this action.

The affidavit of the vice-president of Miller's employer states that in the period from January 1, 1956, to March 24, 1956, Miller's take-home pay averaged approximately $100 per week. (This is about $435 per month instead of the $315 alleged in Miller's affidavit.)

The affidavit of an official of First Credit Corporation said that on March 29, 1956, Miller, Sr., inquired about increasing his loan so as to finance an appeal from the judgment and was informed that this could be done at a cost of $51 per month. The loan was not made.

The affidavit of the treasurer of the Butchers Credit Union states that on April 30, 1956, Miller, Sr., inquired by telephone about a loan of $200 to $250 to finance an appeal but that he has made no written application for such a loan and has made no other inquiry.

The affidavits before the court, then, showed that Miller, Sr., had take-home pay of $435 per month and his monthly expenses, including payments on debts, are $327.21 and that he considered an additional payment of $51 per month to finance an appeal was beyond his means. They show, further, that after the expiration of ninety days from notice of the entry of judgment he first inquired about a loan by Butchers Credit Union but made no written application for one. The affidavits do not say upon what terms a loan there may be procured, nor do they show what terms would be acceptable to Miller, but tell the court only that there is a possibility that Butchers Credit Union will lend to him on terms which he can meet. He rejected the loan tendered by First Credit Corporation as too burdensome.

On June 14, 1956, the court denied the application for extension of time, saying:

"Under the circumstances the court fails to see *good cause* in the record before it which would justify the court in granting the motion to extend the time to serve the bill

of exceptions. The court is of the opinion that to grant this motion would be a clear abuse of discretion." (Italics ours.)

When an infant appears as a party to an action pending before a court, he becomes a ward of the court, and it is the duty of the court to see that the interest of its ward is protected. *Will of Jaeger* (1935), 218 Wis. 1, 10, 259 N. W. 842. An order extending the time for settling a bill of exceptions is an appealable order. *Briggson v. Viroqua* (1953), 264 Wis. 40, 45, 58 N. W. (2d) 543. It is a procedural order, not one affecting substantive rights. Id. Power conferred by sec. 269.45, Stats. (extending time), is highly discretionary and the determination of the trial court is not to be disturbed except in cases where it clearly appears that it has been abused. *Greenfield v. Milwaukee* (1951), 259 Wis. 101, 47 N. W. (2d) 291. If a discretionary order is made by a trial court as a result of an erroneous view of the law the order may be reversed without establishing an abuse of discretion on the part of the trial judge. *Briggson v. Viroqua, supra.*

The power of the trial judge to extend the time for serving a proposed bill of exceptions is found in sec. 269.45, Stats. From 1934 to 1950 this read:

"ENLARGEMENT OF TIME. The court or a judge may, upon notice and good cause shown by affidavit and upon just terms, extend the time within which any act or proceeding in an action or special proceeding must be taken (except the time for appeal) and may do so after the time has expired. [Supreme Court Order, effective January 1, 1934.]"

Effective July 1, 1950, by supreme court order, this section was changed to its present reading, to wit:

"269.45 ENLARGEMENT OF TIME. (1) The court or a judge may with or without notice, for cause shown by affidavit and upon just terms and before the time has expired, extend the time within which any act or proceeding in an

action or special proceeding must be taken, except the time for appeal.

"(2) After the expiration of the specified period or as extended by any previous order, the court may in its discretion, for like cause, upon notice, extend the time where the failure to act was the result of excusable neglect; except the time for appeal."

The court adopted these changes upon the recommendation of the advisory committee on pleading, practice and procedure which acted under the authority of sec. 251.18, Stats. The minutes of that committee's meetings make it plain that the purpose of the changes was to assure trial judges that the supreme court would approve greater liberality in granting extensions of time than had been the case in the recent past. The alteration of "good cause" to "cause" and the mention of the trial court's discretion in sec. 269.45 (2) was designed to accomplish that purpose without encouraging a belief that extensions which appeared to be granted arbitrarily or merely for favor would be affirmed by this court.

No order of extension was made before the time limited by sec. 270.47, Stats., *supra,* had expired. The application, therefore, is governed by sec. 269.45 (2). This makes necessary notice, cause, and requires that the applicant's failure to act was the result of excusable neglect. The hearing of the order to show cause was upon notice and in any event participation of defendants by filing affidavits in opposition to those of plaintiffs after the expiration of time would have waived the requirement of notice to them. We think in this respect the demand of sec. 269.45 (2) was satisfied. But the senior Miller's representations concerning his prospects of financing an appeal are so indefinite, as already pointed out, and those sources of funds that he now says offer possibilities were so open and obvious to him during the entire original ninety days without inducing any activity

regarding them on his part that an extension of time, as to him, fails to come within the bounds of even a liberal interpretation either of "cause" or "excusable neglect."

In respect to John Miller, the minor, the trial court may note that he has no resources of his own. He is completely dependent upon his parents and neglect inexcusable as to the father ought not, in view of his helplessness, to be inexcusable as to him. The father's representations, though too indefinite and uncertain to support his own application may be somewhat helped in the son's case by the fact that a bill of exceptions devoted only to the infant's cause of action would be less expensive than if it included the causes of both plaintiffs.

The discretion to be exercised in ruling upon the motion for an extension of time is that of the trial court but, because of that court's use of the term "good cause" in denying plaintiffs' motion we have some doubt whether it was aware of the change in import made by the change in statutory language. We are particularly charged with the protection of the infant plaintiff as a ward of the court and we have concluded to reverse that part of the order which denies an extension of time to John Miller, the minor, and to remand the cause with directions to. the trial court to . permit the guardian *ad litem* to renew his motion for an extension of time, and thereafter to determine the motion as the court's discretion under sec. 269.45 (2), Stats., may direct.

*By the Court.*—That part of the order which denies to Joseph Miller an extension of time to serve a proposed bill of exceptions is affirmed. That part which denies such extension to John Miller is reversed, and the cause is remanded with directions to the trial court to entertain a renewal of the motion made in his behalf for an extension of such time, and for further proceedings not inconsistent with this opinion.