Syver, Plaintiff and Respondent, vs. Hahn and another, Defendants: Lingott, Defendant and Appellant.

*May 9—June 3, 1958.*

For the appellant there was a brief by *Rieser, Mathys, McNamara & Stafford,* and oral argument by *Robert W. Smith,* all of Madison.

For the respondent there was a brief by *J. Arthur Moran* and *R. G. Richardson, Jr.*, both of Delavan, and oral argument by *Mr. Richardson*.

MARTIN, C. J. The time for settling the bill of exceptions expired on July 14, 1957. Appellant's motion for an extension of time was served on September 7, 1957.

In the affidavit of appellant's attorney it is stated, in effect, that on May 7, 1957, the Madison law firm with whom he is associated was requested by Morris Solomon, a Chicago attorney, to prosecute some appeals on behalf of Mrs. Lingott in the supreme court of Wisconsin in this case; that after examining copies of the proceedings the Madison firm declined in part and accepted in part; that on June 20th, having been advised that appellant's former Wisconsin attorneys would consent to the substitution upon payment of their fees, affiant advised Mr. Solomon that his firm would not take any action on the appeal until said fees were paid; that no response was received from Mr. Solomon; that on July 12th he took the necessary steps to perfect the appeal, in which action the former Wisconsin attorneys concurred; that he was in doubt as to how to proceed because of the "nebulous state of our retainer;" that he failed to request a bill of exceptions within the time allowed by statute, but "Additional familiarity with the proceedings which took place in connection with the confirmation of the sale . . . leads deponent to believe that it would be in the best interests of Mrs. Carol Lingott to have a bill of exceptions included in her appeal."

It was also stated in the affidavit that Mrs. Lingott, with whom affiant has had no direct contact, has been residing somewhere in the East where it is difficult for Mr. Solomon to contact her; that affiant's letters to Mr. Solomon were not answered because Solomon was on vacation; that the request for an order extending the time to settle the bill was delayed

for two weeks while affiant took his first vacation in seven years.

In the trial court's opinion, appellant's motion for extension of time was to be granted if there were a showing of excusable neglect. It stated, however, that it saw no neglect whatever on the part of counsel; that he did everything he could under the circumstances to preserve a review of the court's finding; and it denied the motion on the ground that:

". . . it would appear that the client was not sufficiently interested in the appeal to attend to the matters required by law so that her appeal might be properly perfected. There is no affidavit from the client that she was unable to pay the fees of her former attorney or that the fees were such as to require adjustment. From a reading of the affidavit all that we know is that the client was traveling somewhere on the east coast and could not be reached placing the counsel who now appear in a position of not knowing whether or not they were retained or could accept the retainer. In this instance it also seems that the fault lay with the client and that there is no fault and no excusable neglect upon counsel for the reason that there isn't any neglect."

In so ruling the trial court relied on *Millar v. Madison* (1943), 242 Wis. 617, 619, 9 N. W. (2d) 90, where this court held that an order extending the time to settle a bill of exceptions is not warranted where the real cause for the failure to act timely was that the client could not make up his mind whether he wished to appeal, that "The showing does not amount to even an excuse for failure to comply with the rule."

Appellant argues that the trial court took the erroneous view that since counsel's affidavit failed to show "excusable neglect," no basis existed upon which it could exercise its discretion. The statute involved is sec. 269.45, and this court has stated the rule and its exceptions in *Miller v. Belanger* (1957), 275 Wis. 187, 81 N. W. (2d) 545. The power conferred by the statute is highly discretionary and the trial

court's determination is not to be disturbed unless it clearly appears that it has been abused or unless the order is made as the result of an erroneous view of the law.

There is no indication here, as appellant's counsel implies in his argument, that the trial court entertained an erroneous view of the law because of changes made in the statute in 1950. On the contrary, its statement that the motion would be granted if there were a showing of *excusable neglect* clearly shows that it was aware of the 1950 statutory change and of this court's recent pronouncements on the subject.

The question involved is simply whether the trial court abused its discretion in denying the motion. In our opinion, it did not. The decision shows that the court was reluctant to deny the motion and searched the affidavit in vain for some cause, explanation, or showing of excusable neglect with respect to the failure to seasonably apply for an extension. The circumstances set forth in the affidavit show that counsel, in perfecting the appeal, did more than he felt he should, considering the doubtful status of his retainer and that he took the steps he did to protect Mrs. Lingott's interests.

This is not a situation where failure to apply for an extension may be attributed to counsel's lack of diligence, judgment, or experience, willing as he may be to accept the blame. It was due, rather, to the indifference or indecision of Mrs. Lingott and, perhaps, the Chicago attorney, who left counsel in doubt as to his status and in ignorance of the client's wishes. No cause at all is shown for Mrs. Lingott's lack of attention to the matter of her appeal, and under the circumstances the rule of *Millar v. Madison, supra,* applies.

*By the Court.*—Order affirmed.

WINGERT, J., took no part.