HARDING, Respondent, v. JANICEK, Appellant.

*January 7—February 3, 1959.*

For the appellant there was a brief and oral argument by *Stephen J. Hajduch* of Milwaukee.

For the respondent there was a brief and oral argument by *Thomas S. Sommers* of Milwaukee.

BROWN, J. Plaintiff held a promissory judgment note made by defendant. On November 17, 1955, plaintiff reduced the note to judgment by cognovit in the civil court of Milwaukee county. Plaintiff gave notice of the entry of judgment to defendant on June 27, 1956. On November 30, 1956, defendant moved the civil court to vacate the judgment and permit defendant to answer. The civil court denied the motion on February 8, 1957, and on February 20, 1957, defendant appealed from that order to the circuit court. The circuit court affirmed the civil court's order on July 25, 1957.

While the appeal was pending in circuit court, on February 28, 1957, defendant moved the civil court the second time

for an order opening the judgment for new reasons and permitting an amended answer setting forth new grounds of defense. The record does not disclose the disposition of that motion but it is obvious that the civil court had no jurisdiction over it while the record was up on appeal in the circuit court. On October 17, 1957, after the circuit court on July 25, 1957, had affirmed the order of February 8, 1957, defendant made a third motion to reopen the judgment and serve an amended answer. The civil court denied this motion on February 4, 1958, and appeal was taken to the circuit court. This civil court order was affirmed by the circuit court by order on April 28, 1958. The present appeal to us is from that order of affirmance. The only question before us is whether under the circumstances the civil court (and, on review, the circuit court) could grant relief from the judgment when more than a year after notice of judgment had elapsed.

The case is controlled by sec. 269.46 (1), Stats.:

"RELIEF FROM JUDGMENTS, ORDERS, AND STIPULATIONS; REVIEW OF JUDGMENTS AND ORDERS. (1) The court may, upon notice and just terms, at any time within one year after notice thereof, relieve a party from a judgment, order, stipulation, or other proceeding against him obtained, through his mistake, inadvertence, surprise, or excusable neglect and may supply an omission in any proceeding."

Defendant had notice of the judgment on June 27, 1956. By statute, then, this relief cannot be granted after the expiration of one year from that time. *State ex rel. Hall v. Cowie* (1951), 259 Wis. 123, 128, 47 N. W. (2d) 309. Defendant urges us to toll the statute because he used up his time in appeal from the court which, timely made, had jurisdiction to give him relief. We have found no authority for that proposition. The statute makes no provision for enlargement of the time specified and the circuit court correctly conformed to the statutory limitation.

*By the Court.*—Order affirmed.