MILLIS, Respondent, v. RAYE, Appellant.

*February 7—March 6, 1962.*

For the appellant there was a brief and oral argument by *Cleland P. Fisher* of Janesville.

For the respondent there was a brief by *Dougherty, Campbell, Brennan & Steil,* and oral argument by *Paul M. Ryan* and *George K. Steil,* all of Janesville.

CURRIE, J.   The sole issue on this appeal is whether the trial court abused its discretion in denying the application for an extension of time in which to serve the bill of exceptions. *Hupf v. State Farm Mut. Ins. Co.* (1961), 12 Wis. (2d) 176, 181, 107 N. W. (2d) 185. Inasmuch as this application was not served until after the expiration of the ninety-day period required by sec. 270.47, Stats., the provisions of sub. (2) of sec. 269.45 govern the application. Sec. 269.45 provides:

"(1) The court or a judge may with or without notice, for cause shown by affidavit and upon just terms and before the time has expired, extend the time within which any act or proceeding in an action or special proceeding must be taken, except the time for appeal.

"(2) After the expiration of the specified period or as extended by any previous order, the court may in its discretion, for like cause, upon notice, extend the time where the failure to act was the result of excusable neglect; except the time for appeal."

Defendant's counsel urges that the trial court did not give due consideration to the 1950 revision made in this statute whereby the word "good," which preceded the word "cause" in both subsections of this statute, was stricken. The liberalizing effect of this 1950 amendment was duly considered by this court in *Miller v. Belanger* (1957), 275 Wis. 187, 81 N. W. (2d) 545, and *Syver v. Hahn* (1958), 4 Wis. (2d) 468, 90 N. W. (2d) 632. Both these cases were cited in the memorandum opinion of the learned trial court.

However, the weakness in defendant's position is not that his affidavits did not set forth cause, such as it was, for his delay in preparing and serving the bill of exceptions. Rather it is the lack of justification in these affidavits for counsel's failure to act until approximately fourteen weeks had elapsed after the expiration of the statutory ninety-day period. The statutory words "excusable neglect" refer to the failure to act with respect to applying for an extension of time within which to serve the bill of exceptions as well as to the failure to serve the bill.

Defendant's counsel received the transcript of testimony from the reporter three weeks before the December 28th deadline for serving the bill. This should have alerted him to the necessity of either preparing and serving the bill or applying for an extension of time in which to do so. It probably would not have required more than half an hour of counsel's time to have dictated a petition for extension, and an *ex parte* order granting same, and submitted them to the trial judge. Even if the press of other business just prior to December 28th caused counsel to overlook the running of the

ninety-day period, he should have applied for the extension within a reasonable time thereafter.

In *Valentine v. Patrick Warren Construction Co.* (1953), 263 Wis. 143, 170, 56 N. W. (2d) 860, this court stated:

"The words *'for like cause'* of the above statute [sec. 269.45 (2)] mean that the cause for granting an order extending time to serve a bill of exceptions is the same after the expiration of the ninety-day period as before. However, that which may have been *'excusable neglect'* which delayed the filing of the application for extension beyond the ninety-day period can thereafter cease to be *'excusable neglect'* due to the lapse of further time."

In that case the time for serving a bill of exceptions expired on November 5, 1951, but appellant did not receive a copy of the transcript until late December, 1951. However, no application for an extension was filed until March 31, 1952, even though appellant knew long before the latter date the reasons why it was unable to serve the bill sooner. Despite the fact that the record was voluminous and that there were 121 exhibits, this court stated that had it been passing on the question originally, rather than on review of a trial court order granting an extension, it would have denied the application because of the long delay in applying for the extension. However, because of the large degree of discretion vested in trial courts under sec. 269.45, Stats., this court affirmed the order granting the extension.

In a recent case involving quite-similar facts, *Jolitz v. Graff* (1960), 12 Wis. (2d) 52, 106 N. W. (2d) 340, this court held that counsel's affidavit, to the effect that the press of other business prevented his application for an extension of time to file a bill of exceptions, was insufficient to support the granting of an extension. In that case the notice of entry of judgment was served on October 5, 1959; the time to serve the bill of exceptions expired January 4, 1960; and counsel's application for an extension of time was not made

until March 30, 1960. Thus, counsel in that case was actually less delinquent than counsel in the instant case.

We find no abuse of discretion on the part of the trial court in finding that the conduct of defendant's counsel, in delaying until March 27, 1961, to apply for an extension of time, did not constitute "excusable neglect" within the meaning of sec. 269.45 (2), Stats.

*By the Court.*—Orders affirmed.