HERNKE, Respondent, v. NORTHERN INSURANCE COMPANY OF NEW YORK and another, Appellants.

*February 4—March 5, 1963.*

For the appellants there were briefs by *Wickham, Borgelt, Skogstad & Powell*, attorneys, and *Clayton R. Hahn* of counsel, all of Milwaukee, and oral argument by *Mr. Hahn*.

For the respondent there was a brief and oral argument by *Henry L. Arnold* of Milwaukee.

WILKIE, J. The sole issue on this appeal is whether the trial court abused its discretion in allowing plaintiff's attorney an enlargement of time in which to serve the bill of exceptions.

Although notice of entry of judgment in this action was served on the plaintiff through his attorney on April 6, 1962, the proposed bill of exceptions was not served on the defendants until one hundred seventy-five days later, on September 28, 1962. Sec. 270.47, Stats. 1961, requires that a proposed bill of exceptions be served within ninety days after service of the notice of entry of judgment, which would have been July 5, 1962, in the case at bar.

Sec. 269.45, Stats. 1961, allows a trial court to enlarge the time within which any act or proceeding in an action must be taken. The statute reads:

"269.45 ENLARGEMENT OF TIME. (1) The court or a judge may with or without notice, for cause shown by affidavit and upon just terms and before the time has expired, extend the time within which any act or proceeding in an

action or special proceeding must be taken, except the time for appeal.

"(2) After the expiration of the specified period or as extended by any previous order, the court may in its discretion, for like cause, upon notice, extend the time where the failure to act was the result of excusable neglect; except the time for appeal."

Since the time for the service of the bill of exceptions had expired, plaintiff moved, on September 29, 1962, for an extension of time for service of the proposed bill, such extension being requested under authority of sec. 269.45 (2), Stats. 1961. The trial court allowed an extension of the time in which to serve the bill until October 1, 1962, and stated that the attorney's "failure to act was the result of excusable neglect; such extension being for cause as shown in the affidavit in support of the order to show cause." Defendants claim that the extension was not awarded for cause or excusable neglect and that the extension granted was an abuse of its discretion on the part of the trial court.

The power to grant extensions under sec. 269.45, Stats. 1961, is highly discretionary and "the determination of the trial court is not to be disturbed except in cases where it clearly appears that it has been abused." *Miller v. Belanger* (1957), 275 Wis. 187, 191, 81 N. W. (2d) 545.

The extent of the trial court's discretion in this regard was broadened by the enactment of legislation, effective July 1, 1950, changing the words "good cause" as they had appeared in sec. 269.45, Stats., to the word "cause." The reason for that change was stated in the *Miller Case, supra,* at page 192:

". . . the purpose of the changes was to assure trial judges that the supreme court would approve greater liberality in granting extensions of time than had been the case in the recent past. The alteration of 'good cause' to 'cause' and the mention of the trial court's discretion in sec. 269.45 (2) was designed to accomplish that purpose without encouraging a

belief that extensions which appeared to be granted arbitrarily or merely for favor would be affirmed by this court."

Since the adoption of the 1950 amendment we have upheld the exercise of discretion by the trial court in granting an extension of the time for service of the bill of exceptions after the time has expired. In *Valentine v. Patrick Warren Construction Co.* (1953), 263 Wis. 143, 56 N. W. (2d) 860, we held, at page 170:

"In this instance, Warren knew long before March 31, 1952, the reasons why it was unable to serve a bill of exceptions sooner. *If this court were passing on the question originally, and not in review, we would have denied the application for extension because of Warren's long delay in applying for the order extending time. However, the order granting the extension is a discretionary one, and we cannot hold as a matter of law that the trial court abused its discretion in granting the order."* (Emphasis supplied.)

In a later case, *Andraski v. Gormley* (1958), 3 Wis. (2d) 149, 87 N. W. (2d) 818, the court held, at page 155:

"As to the extension of time for serving the bill of exceptions the defendants contend that sec. 269.45, Stats., requires a showing of cause and excusable neglect in order for the court to make an extension. The basis of the application for extension was the serious illness of a brother of the attorneys for the plaintiff. They contend that this was an insufficient cause and was not a proper ground for a finding of excusable neglect. This matter was within the discretion of the trial court and we find no abuse of discretion."

In the case at bar, plaintiff's attorney stated in his affidavit that he was unfamiliar with the provisions of sec. 270.47, *supra,* and believed that he had a longer period than ninety days from notice of entry of judgment. He argues that the settlement of the bill of exceptions should logically follow the actual taking of an appeal and not notice of entry of judgment. There is merit in this proposal, and

we are currently considering such a change in the rules governing appellate procedure. In any event, the law does not now so provide. However, the trial court determined, in its discretion, that the attorney's reasons constituted excusable neglect and cause for granting the extension. As in the *Valentine Case, supra,* if this court had passed on the question originally, and not in review, we would have denied the application for extension because the plaintiff's attorney's sole excuse was his ignorance of the law. Nevertheless, the order is highly discretionary and we cannot hold as a matter of law that the trial court abused its discretion in granting the order.

*By the Court.*—Order affirmed.