STATE EX REL. SCHULTER, Appellant, v. RORAFF, County Judge, Respondent.*

*No. 314. Argued May 10, 1968.—Decided June 4, 1968.*
(Also reported in 159 N. W. 2d 25.)

* Motion for rehearing denied, without costs, on September 6, 1968.

344

346

For the appellant there were briefs by *Bosshard, Sundet & Doyle* and *Patrick R. Doyle,* all of La Crosse, and oral argument by *Patrick R. Doyle.*

For the respondent the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief were *Bronson C. La Follette,* attorney general, *William A. Platz,* assistant attorney general, and *Burleigh Randolph,* district attorney of La Crosse county.

HALLOWS, C. J.   The appeal raises several issues: (1) Is prohibition a proper remedy to test the jurisdiction of the county court and the adequacy of the complaint; (2) should the state be permanently prohibited from further proceeding in the criminal action; (3) is the complaint defective; and (4) is sec. 947.15, Stats., unconstitutional?

*Writ of Prohibition.*

We think the writ of prohibition was a proper remedy to test the jurisdiction of the judge of the county court

as a magistrate to hold a preliminary examination on the alleged felony. Prohibition has been the subject of several recent cases in which the traditional scope of the writ as a remedy has been expanded. We noted in *Drugsvold v. Small Claims Court* (1961), 13 Wis. 2d 228, 108 N. W. 2d 648, the writ traditionally was used to keep an inferior court within its jurisdiction and would not be granted if an adequate remedy by appeal or other method existed, citing *State ex rel. Fieldhack v. Gregorski* (1956), 272 Wis. 570, 76 N. W. 2d 382; *State ex rel. Joyce v. Farr* (1940), 236 Wis. 323, 295 N. W. 21; *State ex rel. Fourth Nat. Bank v. Johnson* (1899), 103 Wis. 591, 79 N. W. 1081, 51 L. R. A. 33. *See State ex rel. Beaudry v. Panosian* (1967), 35 Wis. 2d 418, 151 N. W. 2d 48.

A trend was noted relaxing the requirement of a jurisdictional error for the issuance of the writ of prohibition and permitting the writ to issue in cases of nonjurisdictional error when an appeal might be too late to provide effective redress or be inadequate to avoid serious harm or complete denial of rights of the party. *State ex rel. Kiekhaefer v. Anderson* (1958), 4 Wis. 2d 485, 90 N. W. 2d 790; *State ex rel. Ampco Metal v. O'Neill* (1956), 273 Wis. 530, 78 N. W. 2d 921; *State ex rel. Gaynon v. Krueger* (1966), 31 Wis. 2d 609, 143 N. W. 2d 437; *State ex rel. La Follette v. Circuit Court* (1967), 37 Wis. 2d 329, 155 N. W. 2d 141. Recently, prohibition has been recognized as a proper remedy to be used in situations involving proceedings in felony prosecutions not otherwise appealable, such as bindover after preliminary examination. *State ex rel. Klinkiewicz v. Duffy* (1967), 35 Wis. 2d 369, 151 N. W. 2d 63; *State ex rel. Beck v. Duffy* (1968), 38 Wis. 2d 159, 156 N. W. 2d 368; *State ex rel. Sucher v. County Court* (1962), 16 Wis. 2d 565, 115 N. W. 2d 611.

It has also become established that a discretionary order made by a trial court as a result of an erroneous

view of the law may be reversed without establishing an abuse of discretion on the part of the trial judge. *Briggson v. Viroqua* (1953), 264 Wis. 40, 58 N. W. 2d 543; *Miller v. Belanger* (1957), 275 Wis. 187, 81 N. W. 2d 545. A writ of prohibition denied or quashed on an erroneous ground presents a question of law on review.

The fact that the county court had prima facie jurisdiction of the subject matter is no longer controlling as to whether a writ of prohibition will issue. It is also true that Schulter could appeal a conviction and raise the type of and the exact questions he now raises. But we think such an appeal is not an adequate remedy on these facts as it comes too late. If Schulter is correct in his contentions, he should not be put to trial and prohibition is proper on these facts. *Drugsvold v. Small Claims Court, supra; State ex rel. Gaynon v. Krueger, supra; State ex rel. Pflanz v. County Court* (1967), 36 Wis. 2d 550, 153 N. W. 2d 559.

### *Remedy for Pretrial Publicity.*

Schulter argues he is entitled to an absolute termination and dismissal of the pending criminal action against him because the state-conducted inquest under ch. 966, Stats., officially found him guilty of criminal conduct in a manner which deprived him of his constitutional rights to due process, fair trial and a remedy for his grievance. He argues only an exclusionary rule is an adequate remedy for his predicament.

He also claims an inquest is per se unconstitutional because it is an official proceeding without rules, run by the district attorney, because the witness' counsel cannot examine his client or cross-examine other witnesses or argue before the presiding person and it results in a premature official finding of guilt. Although an inquest must find the cause of the death and who is responsible, sec. 966.09, Stats., it is primarily and in nature

an investigative tool like a John Doe proceeding under sec. 954.025, or a grand jury proceeding under sec. 255.10, both of which may result in a formal charge of crime being made. There is no doubt that due process must be afforded in an inquest as in all other proceedings affecting the rights of individuals. *Ekern v. McGovern* (1913), 154 Wis. 157, 142 N. W. 595; *State v. Stehlek* (1953), 262 Wis. 642, 56 N. W. 2d 514. We do not think an inquest is per se unconstitutional. In the manner of conducting an inquest, a witness may have a legitimate constitutional complaint.

In *State v. Cory* (1963), 62 Wash. 2d 371, 382 Pac. 2d 1019, the Supreme Court of Washington when confronted with the problem of police eavesdropping on a conversation between the accused and his attorney while in the jail, held the whole proceeding was vitiated and dismissed the charges. However, we do not think such a drastic step is necessary or the facts here warrant the termination of all criminal proceedings against Schulter because of any outrageous deprivation of his rights resulting from the manner in which the inquest was held or the accompanying publicity.

The standard remedies for pretrial prejudice available to Schulter are not inadequate on the facts. The inquest, although conducted by the district attorney on behalf of the state and resulting in publicity, stands on no different footing in respect to prejudicial pretrial publicity than other pretrial activity. It is not the source of pretrial publicity which determines the prejudice and the remedy but the nature, amount and the effect of such pretrial publicity. It is claimed the inquest was unnecessary, held for the purpose of publicity and was prejudicial in resulting in a finding of guilt. If true, Schulter is entitled to relief but not necessarily the dismissal of the charges.

In *State v. Woodington* (1966), 31 Wis. 2d 151, 142 N. W. 2d 810, 143 N. W. 2d 753, we considered the problem of pretrial publicity and concluded the remedy was

not necessarily the dismissal of charges but a change of venue or a continuance of the trial and the careful selection of the jury on *voir dire*. But Schulter claims the acceptance of change in venue denies him his constitutional right to a trial in the county or district, art. I, sec. 7, Wisconsin Constitution, and a continuance would make him surrender his right to a speedy trial guaranteed by the sixth amendment of the federal constitution and in either case he is put to a choice of his constitutional rights. The United States Supreme Court has recently stated that a person should not have to waive one constitutional right to claim another. *Simmons v. United States* (1968), 390 U. S. 377, 88 Sup. Ct. 967, 19 L. Ed. 2d 1247. But in the *Simmons Case* the accused could have had the benefit of both the fourth and the fifth amendments. In the case at bar it is impossible to have a speedy trial and also claim such a trial is prejudicial and unfair because it is held too speedily. Likewise, Schulter cannot insist on a jury trial in the county wherein the offense was committed and also claim the county is prejudiced and he cannot receive a fair trial.

When constitutional rights conflict the accused must make a choice and the solution is not in the avoidance of such choice because a choice is required or it may prove to be a difficult one for the accused. It is true the ineffectiveness of *voir dire* and judicial admonition to correct prejudice have been recognized. *Irvin v. Dowd* (1961), 366 U. S. 717, 81 Sup. Ct. 1639, 6 L. Ed. 2d 751; *Krulewitch v. United States* (1949), 336 U. S. 440, 69 Sup. Ct. 716, 93 L. Ed. 790. But the ineffectiveness of such methods depends upon the particular circumstances in each case. Such methods are not to be branded as a matter of law totally ineffective in every case.

Factually, the record does not disclose such a drastic invasion of Schulter's rights as he claims. At the inquest he was represented by counsel and he exercised his right against self-incrimination. We do not share Schulter's

view that the publicity given the incident and the inquest was so great or so prejudicial that he cannot receive a fair trial using the available remedies to overcome any prejudice of the pretrial publicity. Dismissal of the charges is too drastic a cure for the alleged infirmity.

### Sufficiency of the Complaint.

The complaint alleges Schulter, twenty-three years of age, intentionally encouraged or contributed to the delinquency of a child, Peter Cavadini, aged seventeen years, by furnishing him with fermented malt beverage and allowing him to operate a motor vehicle while under the influence of an intoxicant and such action was a proximate cause of the deaths contrary to sec. 947.15 (1) (a), Stats. Schulter argues no crime is alleged because a boy seventeen years of age is not a child within the meaning of the statute, there is no definition of delinquency in the law, and the acts charged as the proximate cause of the deaths do not conform with the statute which provides that such acts constitute a felony "if a death is a consequence."

It is true the section under which Schulter was charged does not contain a definition of a child. Schulter argues sec. 990.01 (1), Stats., applies and Webster's Dictionary defines a child as a person below the age of puberty or roughly age fourteen for a boy. However, we think sec. 947.15 must be read in connection with its legislative history and a child for its purpose means a person under eighteen years of age. The crime of contributing to the delinquency of a child initially was created as sec. 48.45 (4), as part of the Children's Code by ch. 575, Laws of 1955. When this section was a part of the Children's Code the term "child" had the meaning given in the related sec. 48.02 (3), as being a person under eighteen years of age. In 1957, sec. 48.45 (4) was renumbered sec. 947.15 (1) and in 1961 there was added the in-

creased penalty if death was a consequence of the acts contributing to the delinquency of a child. The same result is reached by interpreting secs. 947.15 and 48.02 (3) *in pari materia* which is justified on the facts of this case. 2 Sutherland, *Statutory Construction* (3d ed.), pp. 532–535, sec. 5201. Furthermore, this is the only construction which gives a reasonable result. Allowing an unprotected gap by the strict literal meaning of the word "child" between the age levels of fourteen and eighteen years would lead to an absurd and unreasonable result. Such a construction should not be given. *Isaksen v. Chesapeake Instrument Corp.* (1963), 19 Wis. 2d 282, 120 N. W. 2d 151; *Kayden Industries, Inc. v. Murphy* (1967), 34 Wis. 2d 718, 150 N. W. 2d 447.

It is argued there is no definition of delinquency in the statutes because sec. 48.12, Stats., is only a jurisdictional statute. Delinquency in sec. 48.12, is a ground for children's court jurisdiction and provides that a child is delinquent if he has "violated any state law or any county, town, or municipal ordinance." We think this is a sufficient definition of delinquency when applied to children. Under sec. 66.054 (24) (b), it is a crime for an unemancipated minor not accompanied by his parent or guardian or chaperone to possess fermented malt beverages outside of licensed premises. Schulter can hardly qualify as a parent, guardian or chaperone within the meaning of this section. Likewise, it is a violation of sec. 346.63, to drive a motor vehicle while under the influence of an intoxicant. Schulter is charged with contributing to this alleged violation by permitting Cavadini to drive his car. Contributing to the delinquency of a child is sufficiently alleged.

There is no merit in the argument that the complaint in charging the acts were "a proximate cause of the death" did not charge the crime of contributing to the delinquency of a child "if death is a consequence." It is not necessary to charge a crime in the exact words of

the statute; if the substance of all the elements of the crime is alleged, that is sufficient. We think alleging an act as a proximate cause of a death is the equivalent of alleging the death is a consequence of the act.

### Constitutionality of Sec. 947.15, Stats.

It is claimed sec. 947.15, Stats., is unconstitutional because it is arbitrary, unreasonable, indefinite and overbroad. It is specifically argued that the statute increased the penalty for contributing to the delinquency of a child from that of a misdemeanor to the punishment of a felony if death is a consequence of the delinquency. It is argued this increased penalty has no substantial relationship to the purpose sought to be accomplished by the section and there is no requirement of a criminally relevant connection between the delinquent acts and the death such as foreseeability, a dangerous activity, or a felonious act. What punishment is to be related to a particular crime is within the province of the legislature and the relating process is governed by the constitution to the extent no cruel and inhuman punishment is permitted and due process and equal protection are afforded.

We think the consequences of the act and their seriousness may be a proper consideration in fixing the severity of the punishment. Foreseeability or intent that the specific consequences occur are not necessary to due process or to a crime. Acts which result in death frequently carry increased penalties over the same act which does not result in death, i.e., sec. 940.03, Stats., felony murder. We think there is sufficient connection even if it is only causation between the proscribed act of contributing to the delinquency of a child and death resulting from such delinquency to make an increased penalty reasonable and not arbitary even though death is unintended or unforeseen.

The claim that sec. 947.15, Stats., is vague, overbroad, and indefinite is without merit. In *State v. Woodington, supra,* we stated the criminal statute met the test of reasonableness and definiteness if it fairly informed an ordinary person who is subject to it what acts are prohibited and will render him liable to penalties. *See also State v. Alfonsi* (1967), 33 Wis. 2d 469, 147 N. W. 2d 550; *State v. Givens* (1965), 28 Wis. 2d 109, 135 N. W. 2d 780; *State v. Evjue* (1948), 253 Wis. 146, 33 N. W. 2d 305.

*By the Court.*—Order affirmed.

* Motion for rehearing denied, with costs, on September 9, 1968.