BEBERFALL, Appellant, v. BEBERFALL, Respondent.

No. 154. *Argued October 2, 1969.—Decided October 31, 1969.*
(Also reported in 171 N. W. 2d 390.)

For the appellant there was a brief by *Williams & Lampe and Ronald L. Lampe,* all of Oshkosh, and oral argument by *Ronald L. Lampe.*

For the respondent there was oral argument by *Lester Beberfall* of Oshkosh, *pro se.*

HEFFERNAN, J.  At the outset it should be stated that the defendant-respondent, Beberfall, failed to comply with the rules of this court requiring that briefs be printed (sec. (Rule) 251.39, Stats.). His request for exoneration from this rule was denied by this court. Yet, in flagrant disregard of the rules of the Supreme Court of Wisconsin and its specific directions, he filed typewritten-ditto copies of what purported to be a brief. At oral argument Beberfall was informed by the Chief Justice that, by his failure to comply with the rule requiring briefs, he had forfeited his right to make an argument. As a matter of grace, the court nevertheless permitted Beberfall to make a "statement" of his position. Our rules are clear. Sec. (Rule) 251.60 provides in part:

"Oral argument on a cause will not be heard on behalf of any party for whom no brief has been filed, unless otherwise ordered by the court."

Sec. (Rule) 251.57, Stats., provides:

"When a cause is submitted, or presented by counsel for appellant or plaintiff in error, but not by the opposing party, the judgment or order appealed from may be reversed as of course, without argument."

Beberfall, a nonlawyer, appeared without counsel. If we saw fit, under our rules the order could be reversed without recourse to the facts of the case.

The point raised is, however, of great importance, and in regard to which there should be no misunderstanding by either the bench or bar.

It appears that Beberfall's petition was predicated upon the belief that he had no obligation to pay support money to a divorced wife for the care of a child which had attained the age of eighteen and had completed high school.

Sec. 247.24, Stats., provides in part:

"247.24 **Judgment; care and custody, etc., of minor children.** In rendering a judgment of annulment, divorce or legal separation, the court may make such further provisions therein as it deems just and reasonable concerning the care, custody, maintenance and *education of the minor children* of the parties . . . ." (Emphasis supplied.)

It thus appears on the face of the statutes that a divorce court is empowered with discretion to provide for the care and education of a child at least until it reaches its majority. In *Brackob v. Brackob* (1953), 265 Wis. 513, 524, 61 N. W. 2d 849, we determined the effect of that statute and decided:

". . . there was no abuse of discretion on the part of the court in requiring defendant to pay support money for each child until the child reaches twenty-one, or his or her formal education is completed, whichever first occurs. The income of the defendant is such that he should be required to provide further education beyond high school for his children . . . ."

In *Peck v. Peck* (1956), 272 Wis. 466, 471, 76 N. W. 2d 316, we stated:

"We are of the opinion that as a general rule, in a case where a child under twenty-one years of age who has completed high school is desirous of attending college and whose high-school record has demonstrated that he has the capacity to do college work, a court should not relieve the father from at least being required to continue paying the monthly support money provided in the divorce judgment for the period prior to the child arriving at

the age of eighteen years. However, an exception should be made to this rule where the required continuance of such support-money payments would place an undue financial burden on the divorced father."

These two cases make it clear that a court is under no obligation to terminate support payments to a minor child at the age of eighteen and should not relieve a father from continuing payments in at least the same amount as before when it appears the continuance of such payments would not place an undue burden on the divorced father and when such payments are necessary for the continued support or education of the child.

The test is one of discretion, and this court will not reverse if there is evidence that discretion was in fact exercised and not abused.

In the early case of *Churchill v. Welsh* (1879), 47 Wis. 39, 54, 55, 1 N. W. 398, it was stated:

"Ordinarily this court will not reverse the action of the court below upon subjects which rest in its discretion. This court has, however, frequently held that the courts, in passing upon matters resting in discretion, must exercise a legal discretion, and if that discretion is abused, or if the court proceeds upon a mistaken view of the law, their action will be reviewed and reversed here."

We more recently have stated:

"This means that for this court to affirm what is contended to be a discretionary act there must be evidence that discretion was in fact exercised. If a judge bases the exercise of his discretion upon an error of law, his conduct is beyond the limits of discretion." *State v. Hutnik* (1968), 39 Wis. 2d 754, 763, 159 N. W. 2d 733.

The same principle was stated in *State ex rel. Schulter v. Roraff* (1968), 39 Wis. 2d 342, 349, 350, 159 N. W. 2d 25:

". . . a discretionary order made by a trial court as a result of an erroneous view of the law may be reversed without establishing an abuse of discretion on the part

of the trial judge. *Briggson v. Viroqua* (1953), 264 Wis. 40, 58 N. W. 2d 543; *Miller v. Belanger* (1957), 275 Wis. 187, 81 N. W. 2d 545."

In the instant case it is apparent that Judge MUELLER conducted a hearing in which facts were brought out upon which the exercise of discretion properly could have been based. The respective incomes of the parties, the education of the parents, the aptitudes and predilections of the child, and the ability of the child to provide for its own support and education were all placed in evidence. Yet, when the trial judge made his decision, he failed to indicate that his decision was based upon these relevant factors; rather, he indicated that he was without power or discretion to continue the support payments because Carol had completed high school and was over eighteen.

The judge's statement appears in the transcript:

"The court is very disgusted with this particular situation where a father can express a preference for a child of his second wife over his own child and I am going to make this order very distastefully. This child of his own is 18 years of age and has graduated from high school. While most fathers would feel a parental responsibility to see to it that his child got a college education, he has come into this court and asked to be relieved of that responsibility. I must, by necessity, grant the petition and remove Carol from the $75 per month contribution that he's making and has made in the past.

"Now, I do this, Mr. Lampe and Mrs. Beberfall, because very distastefully I'm required to do so. He has provided for her up to and including a high school education and she's now over the age of 18 years. I feel rather badly about it, but I think that legally I have no choice in the matter because it's a situation of a child reaching age 18 and completing a high school education, wherein the responsibility, the legal responsibility ceases and the moral responsibility continues and he does not feel that moral responsibility."

While there is the assertion in the record that the trial judge made his decision only after the exercise of a proper

discretion, such assertion is at variance with the statement quoted above.

While the order recites that findings of fact and conclusions of law have been filed, they do not appear in the record. This is an omission that undoubtedly would not have occurred were defendant represented by counsel. We are thus compelled, on the basis of the only legal rationale of record, to conclude that the decision of the court was based upon a clear error of law and not upon the exercise of discretion. Under these circumstances, the order must be reversed.

*By the Court.*—Order reversed.