STRYKER and wife, Appellants, v. TOWN OF LAPOINTE and others, Respondents. [Case No. 153.]

FRIEDLANDER and wife, Appellants, v. TOWN OF LA POINTE and others, Respondents. [Case No. 154.]

RICHARDSON and wife, Appellants, v. TOWN OF LAPOINTE and others, Respondents. [Case No. 155.]

*Nos. 153–155. Argued September 7, 1971.—Decided October 5, 1971.*
(Also reported in 190 N. W. 2d 178.)

For the appellants Stryker, Friedlander, and Richardson there was a brief by *Gwin & Fetzner* of Hudson, and oral argument by *John W. Fetzner*.

For the respondent Town of LaPointe there was a brief by *Wartman & Wartman* of Ashland, and oral argument by *David G. Wartman*.

WILKIE, J. The sole issue in these appeals is whether the trial court abused its discretion in denying the request of the three plaintiffs for an extension of time to serve and file their complaints. The court below considered plaintiffs' motions to extend the time in which to file their complaints and concluded that the plaintiffs had not demonstrated "excusable neglect" as required by sec. 269.45 (2),[1] the statute authorizing the court to grant enlargement of time in which to file after the time for filing has expired. "Excusable neglect" is

[1] "269.45 **Enlargement of time.** . . . (2) After the expiration of the specified period or as extended by any previous order, the court may in its discretion, for like cause, upon notice, extend the time where the failure to act was the result of excusable neglect; except the time for appeal."

that neglect which might have been the act of a reasonably prudent person under the circumstances.[2] An order granting or denying an extension of time to file is discretionary, and this court will upset such a determination only upon the showing that the trial court was so clearly wrong as to constitute an abuse of that discretion.[3]

In addition to this heavy burden that an appellant must meet in seeking a reversal of a discretionary order, the parties here are faced with a legislative mandate that actions brought under sec. 32.05 (5), Stats., be promptly considered by the court. The statute provides:

". . . The trial of the issues raised by the pleadings in such action shall be given precedence over all other actions in said court then not on trial. If the action is not commenced within the time limited the owner or other person having any interest in the property shall be forever barred from raising any such objection in any other manner. . . ."

This court is required to give effect to the intent of the legislature in interpreting statutes,[4] and here it is clear that such intent is to have actions brought under the statute promptly heard and disposed of.

Appellants contend that their delay in serving and filing complaints was necessitated by the inability to locate one of the additional defendants, Theodore Gary. The naming of additional parties defendant such as

---

[2] *Giese v. Giese* (1969), 43 Wis. 2d 456, 461, 168 N. W. 2d 832.

[3] *Cottrell v. Giltner* (1856), 5 Wis. 270; *Estate of Kochanski* (1924), 185 Wis. 234, 201 N. W. 239; *Greenfield v. Milwaukee* (1951), 259 Wis. 101, 47 N. W. 2d 291; *Miller v. Belanger* (1957), 275 Wis. 187, 81 N. W. 2d 545; *Hupf v. State Farm Mut. Ins. Co.* (1961), 12 Wis. 2d 176, 107 N. W. 2d 185; *Hernke v. Northern Ins. Co.* (1963), 19 Wis. 2d 189, 120 N. W. 2d 123; *Bornemann v. New Berlin* (1965), 27 Wis. 2d 102, 133 N. W. 2d 328; *Giese v. Giese,* supra, footnote 2.

[4] *Estate of Fucela* (1965), 26 Wis. 2d 476, 482, 132 N. W. 2d 553.

Gary is not authorized by the statute, sec. 32.05 (5), which provides that the condemnor should be defendant. An affidavit from Gary, which appears of record, indicates that except for brief trips he was at his home in Florida continually from the date of the commencement of this action until the date of service of February 3, 1970. Although in support of their delay in filing and serving a complaint appellants vigorously asserted that some improper relationship existed between Gary and the town officials, there is no support for this assertion in the record.

Thus it appears that the reason given by the appellants for the late filing is neither sufficient nor excusable.

Moreover, in making their argument, appellants overlooked the second element of neglect present in this case—not filing a motion to extend until more than a month after the date the complaint was due. In *Millis v. Raye* [5] this court held that excusable neglect within the meaning of sec. 269.45, Stats., refers not only to the late filing of the original document, but also to the delay in applying for an extension. No showing of excusable neglect in either respect was made here and we are satisfied that there was no abuse of discretion by the trial court in denying the motion to extend the time for serving and filing complaints here.

Appellants also argue that the orders should be reversed because the town was not prejudiced by the delay in filing. Although prejudice is not required in order to dismiss an action under sec. 269.45, Stats., it is obvious that the town was indeed prejudiced from the time of the jurisdictional offer in August or September, 1969, until the time the motions were heard in May, 1970, or until the time of this court's mandate. The construction of the airport could have been delayed in excess of

[5] (1962), 16 Wis. 2d 79, 83, 113 N. W. 2d 820.

two years by this litigation; surely the town has an interest in completing the task speedily and honoring its contracts with its contractors. As to appellants' final argument that the three plaintiffs have a right to contest the condemnation which will be lost should the orders be affirmed, that right is limited by sec. 32.05 (5) to forty days after the jurisdictional offer. As discussed, no adequate reason was given for the long delay in these proceedings. The town also has a right to be able to carry out its tasks without undue delay and the priority of such condemnation litigation is emphasized by sec. 32.05. In the end, the appellants will be compensated for their land. Their challenge of the condemnation must fall because they have not shown sufficient reason for us to find an abuse of discretion by the trial court in striking down their lawsuits.

*By the Court.*—Orders affirmed.